## J. MILLER THOMAS *vs.* CHARLES A. GRISE.

*Assumpsit—Check—Evidence—Sales—Fraudulent Representations.*

1. In a suit to recover on a check it is always competent to show the consideration, and for that purpose an agreement under seal is admissible in evidence.

2. Fraud can be proved under the general issue, and need not be specially pleaded.

3. Three elements must combine to constitute such fraud as will vitiate à contract, viz: (1) It must be shown that at the time of the transaction the seller made false representations with respect to the goods sold which materially affected their value. (2) It must be shown that such statements were false at the time he made them. (3) It must appear that such statements operated upon the mind of the purchaser and induced him to make the purchase. It is not necessary that such misrepresentations should be the only inducement—it is sufficient that they were so material that the purchase would not have been made in their absence.

4. Fraud is never presumed. It must always be proved, and is a question of fact for the jury. It may be established, however, either by direct testimony, such as the positive declarations or admissions of the party charged, or by circumstantial evidence, such as the acts, conduct and other circumstances attending the particular transaction, from which the jury may reasonably infer fraud.

5. Upon the discovery of fraud the injured party has the option either to keep the property and pay whatever it is reasonably worth, or to give it up and demand full compensation for all damages resulting from such fraud.

*(June 16, 1898.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*P. L. Cooper, Jr.*, and *Hugh C. Browne* for plaintiff.

*Chas. F. Richards* and *William Michael Byrne* for defendant.

Superior Court, New Castle County, May Term, 1898.

Action of assumpsit, to recover amount alleged to be due on a protested check aggregating, with interest and protest fees, $550.19. See facts in charge of Court. The narr contained a count on a protested check, and the common counts. Pleas:

Non assumpsit, payment, accord and satisfaction, release, set off, statute of limitations.

At the trial, after proving by a subscribing witness the due execution of a certain paper and by another witness that said paper was an agreement signed by the parties at the time the sale of the "Peninsula Methodist" was consummated, Mr. Cooper offered said paper in evidence. Counsel for defendant objected, because the paper was a contract under seal and had not been declared upon in the narr, contending that while a plaintiff may recover upon the common counts where he fails to prove a contract declared upon, yet that it is absolutely contrary to the principles of evidence to allow a plaintiff to introduce in evidence a written contract not declared upon, and of which, by the pleadings in the case, the defendant has had no notice.

Counsel for plaintiff contended that as he had declared upon a check, he should be permitted to show what the check was given for. That it was proof of the consideration, and part of the *res gestae.*

LORE, C. J :—It is always competent to show consideration for a check. We think it is admissible. He is not suing on the contract. He claims this to be an executed contract and now attempts to prove consideration for the check. The contract is between the original parties. It is in evidence for the purpose of showing consideration.

Defendant's counsel called Wilbur F. Corkran and sought to prove certain alleged fraudulent representations made by plaintiff to defendant prior to the purchase of the "Peninsula Methodist," as to the subscription list of said paper. Mr. Cooper, for plaintiff, objected, contending that proof of fraud was not admissible under the general issue, but should be specially pleaded.

LORE, C. J :—We have decided that again and again, and it certainly is not an open question. Fraud can be proved under the general issue. It need not be specially pleaded.

Plaintiff was produced and asked what were the terms of purchase of said paper agreed upon at a meeting held in Harrington on October 15, 1896. "Mr. Thomas was to furnish us 2600 *bona fide* subscribers, not including dead-heads, complimen-

taries or exchanges. He was to turn over to us his Legislative charter, stock certificate book, the type in which the mailing list was set up and the galleys in which the type set ; for which we were to pay him $2500.''

Counsel for plaintiff objected on the ground that the conditions of the purchase were set out in the written contract between the parties, and asked that the question and answer be stricken out.

LORE, C. J :—Let them be stricken out.

*Mr. Richards :*—We will show that at this meeting in Harrington certain terms were agreed upon and fixed. We will follow that up by showing that after that another meeting was held in Wilmington at which a payment was made upon those same terms agreed upon at Harrington. We will further show that at the office of Mr. Thomas on the first day of November, 1896, for the first time this typewritten contract was handed to this defendant to sign ; that after carefully reading the same, he called the attention of Mr. Thomas to the fact that the contract did not set out the terms agreed upon at Harrington on October 15th, and ratified at a subsequent meeting in Wilmington, and that Mr. Thomas admitted that.

LORE, C. J :—The defendant has seen fit to sign a paper under seal on the second day of November.

*Mr. Richards :*—We have authorities upon this question that when this defendant signed a paper upon an express understanding or agreement as to the number of subscribers, then and there had with this plaintiff, notwithstanding that paper does not show the number of subscribers, still we may be allowed to prove it. It is a contract in suspense.

LORE, C, J :—That is another matter.

GRUBB, J :—You are trying to show that he was induced to execute this paper by reason of fraudulent representations.

*Mr. Richards :*—Yes, and, further than that, we are getting to this point, that this is not a valid contract, because it was not to go into effect unless there were 2600 *bona fide* subscribers, which was stated when the paper was signed. It goes to fraud.

LORE, C. J :—The terms of that purchase are prescribed in the written paper and you cannot vary them. The paper speaks for itself, and when defendant signed the same it bound him as to what is in it. You may show any false or fraudulent statements made by the plaintiff knowing them to be false, and such statements attack, but do not vary the written instrument. The only kind of alleged false representations you have presented before us, that we think admissible, are those with reference to the subscription list. You may attack the paper upon the ground of false representations which induced its execution.

Defendant was then permitted to state what plaintiff had said in October 1896, at a meeting held in Harrington with reference to the number of subscribers to the publication, which statements, he alleged, were found to be untrue after the purchase had been consummated.

The Court charged the jury upon the various propositions of law, raised by the prayers of the respective counsel, as follows :

LORE, C. J, charging the jury :

Gentlemen of the Jury :—This is an action of assumpsit, brought by J. Miller Thomas, the plaintiff, to recover from Charles A. Grise, the defendant, the sum of five hundred dollars. with interest from November 2nd, 1896, which he claims to be $48.50, making the aggregate claim $548.50, claimed by him as a balance due for goods sold and delivered.

The plaintiff alleges that under an agreement in writing, dated November 2nd, 1896, he sold and delivered to the defendant, for the consideration of $2500.00, "The good will of the newspaper known as the Peninsula Methodist, owned and published by him the said plaintiff, together with the type used in the mailing list of said paper, and the contracts already made for advertising in said paper, then remaining and being in the building occupied by the plaintiff in this city." Of this sum he admits that $2000.00 has been paid ; leaving an unpaid balance of five hundred dollars which is the subject of this suit.

The declaration of the plaintiff contains a count upon a check, made by the defendant to the order of the plaintiff, for

five hundred dollars, dated November 2nd, 1896, payable at the Farmers Bank at Georgetown, Delaware, which he claimed was given for the balance due him ; but as there was no proof offered that the check had been presented at the bank and payment thereof refused, which were necessary before recovery could be had upon the check, the plaintiff has abandoned this ground of recovery, and therefore it is not to be considered by you in making up your verdict.

The declaration, however, contains what are known as common counts ; one of them being for goods sold and delivered, for a stipulated price as upon an executed contract.   Upon this count the plaintiff is entitled to recover whatever balance, if any, there may be justly due him under the law and evidence in this case for goods sold and delivered.

The defendant admits the execution of the written paper, and the payment of $2000.00 of the consideration money but claims that-he is not bound to pay the balance of five hundred dollars, because of the false and fraudulent representations of the plaintiff.   He alleges that he was induced to make the purchase under the agreement, by reason of the false representations of the plaintiff, that the Peninsula Methodist, had about 2600 *bona fide* subscribers, exclusive of deadheads and exchanges ; that in any event the number would not be less than 2500 ; which was the basis of the consideration money named in the agreement at the rate of one dollar for each subscriber ; which representations the defendant avers the plaintiff knew to be false.   He further avers that as soon as the discovery was made that there were only about 1756 subscribers that he offered to return the property to the plaintiff upon the re-payment to him of the $2000.00 already paid or to retain the property for the $2000.00, which offer the plaintiff refused to accept.

You will observe therefore, that the defense relied upon is fraud.

It is well settled law, that ordinarily in the purchase of goods and chattels, the purchaser's eyes are his market, and where he is put upon inquiry, he is charged with notice or

knowledge of all facts which he could have learned by reasonable inquiry, and such investigation as a man of common prudence would have made. But it is equally well settled on the other hand, that false representations made by a party of a fact materially affecting the contract, peculiarly within his own knowledge, and in respect to which the other party in the exercise of proper vigilance, had not a reasonably opportunity of ascertaining the truth, is fraudulent; and will vitiate a contract induced by such representations.

In order to sustain such a defense it must be shown from the evidence; first, that at the time of the transaction, the seller made false representations with respect to the goods sold which materially affected their value. Second, that he knew that such statements were false at the time he made them. Third, that in addition thereto, that such statements operated upon the mind of the purchaser, and induced him to make the purchase. These three elements must combine to constitute such fraud as will vitiate a contract. It is not necessary, that such misrepresentations should be the only inducement; there may be other inducements co-operating; it is sufficient that such false representations were so material, that the purchase would not have been made in their absence. If to that extent they operated as inducements to the contract, the contract would be void however many other inducements there may have been. On the other hand, if they did not induce the purchase, and the contract would have been made notwithstanding such false representations, in that event the contract would not be void, however false and fraudulent they may have been; inasmuch as the contract in that event would have been made entirely independent of them.

Fraud is never presumed. It must always be proved. It is a question of fact for the jury. It may be established, however, either by direct testimony, such as the positive declarations or admissions of the party charged, or by circumstantial evidence, such as the acts, conduct and other circumstances attending the particular transactions, from which the jury may reasonably and justly infer fraud. It is a matter of common experience, that fraud often clothes itself in cunning devices and avoids the open.

VERDICT.

You are to determine whether there was fraud in this case, and to this end you should apply the law as the Court has above announced it to the facts as shown from the testimony.

If you should be satisfied from a preponderance of the evidence, that Thomas made materially false statements in respect to the subscription lists ; that he knew them to be false at the time he so made them, and that thereby Mr. Grise was misled and induced to enter into the contract, in that event the Court instruct you that the contract would be void and your verdict should be for the defendant ; unless you believe that the property actually sold and delivered, was reasonably worth more than the two thousand dollars already paid ; in the latter case your verdict should be for the plaintiff, for such excess over the two thousand dollars as you may believe the property was reasonably worth to the defendant, who still retains the same, although the plaintiff refused to take it back ; as the defendant may not retain and use the property without paying therefor whatever it is reasonably worth. Upon the discovery of the fraud the injured party had the option either to keep the property and pay whatever it was reasonably worth, or to give it up and demand full compensation for all damages resulting from such fraud.

You must base your verdict, whatever it may be, upon your recollection of the evidence adduced in this cause ; and must in no respect whatever be influenced by what the Court has said about the evidence, in the foregoing explanation with respect to the law. It is your duty to take the law from the Court ; it is equally your duty to weigh the evidence from your own recollection only.

Verdict for plaintiff, for $300.00.