GRANTLEY P. POSTLES vs. EBEN B. FRAZER, Administrator of EBEN MALCOLM FRAZER, deceased.

PLEADING—ANSWER—GENERAL ISSUE—FRAUD.

Since fraud may be proved under the general issue, and need not be specially pleaded, where the general issue was pleaded to an action on a note given for the price·of an automobile, special pleas, alleging that defendant's intestate had been reduced to a state of intoxication and had then been fraudulently induced to sign the note, would be stricken; the matter being available under the general plea.

(*October* 4, 1913.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.
*George T. Brown* and *John P. Nields* for plaintiff.
*Charles B. Evans* and *J. Harvey Whiteman* for defendant.
Superior Court, New Castle County, September Term, 1913.

ACTION ON THE CASE (No. 59, May Term, 1913).

Demurrer to certain special pleas to the declaration and motion to strike out the same on the ground that they amount to the general issue previously pleaded. Demurrer sustained and pleas stricken.

PENNEWILL, C. J., delivering the opinion of the court:

A motion was made by the plaintiff in the above stated case to strike out the fourth and fifth pleas, "because each of said pleas amounts to the general issue; and a plea of the general issue was the first plea by the defendant pleaded in said action."

Each of said fourth and fifth pleas avers "that the said alleged promissory note sued upon in each of the said counts of the declaration filed in this cause, was given for the supposed sale of an automobile by the said Grantley P. Postles, the plaintiff above named to the said Eben Malcolm Frazer, in his lifetime; that the said supposed sale of said automobile, and the signing and delivery of said supposed promissory note, was procured by fraud on the part of the said plaintiff, said fraud consisting of the deliberate procuring by the said plaintiff of a state of intoxication of the said Eben Malcolm Frazer, to the extent that the said Eben Malcolm Frazer was, at the time of the alleged sale of the said automobile and the signing and giving of said alleged promissory note mentioned in the several counts of the said declaration, insensible of said transaction. Wherefore he, the said defendant, saith that the said alleged promissory note, in the said several counts of the declaration mentioned, was, and is, void in law, and this he, the said defendant, is ready to verify." We think there can be no doubt that the objection made to the said fourth and fifth pleas is well taken, and the motion to strike them out should, therefore, be sustained.

In the case of *Drummond v. Hopper*, 4 *Harr.* 327, which was an action of replevin, the court said:

"If it appears to the jury that this young man was made drunk by the defendant, or if he was in a state of intoxication, whether by the means or procurement of the defendant or not, and thus rendered incapable of the exercise of reason, and while in such condition the alleged contract was obtained by the defendant, the contract was fraudulent and void."

In *Woolley's Delaware Practice* at *Section* 1463, it is said: "Fraud can be proved under the general issue. It need not be specially pleaded."

The authorities cited to support this proposition are *Thomas*

*v. Grise*, 1 *Penn*. 381, 41 *Atl*. 883, and *Kent County R. R. Co. v. Wilson*, 5 *Houst*. 49.

In the *Thomas-Grise case* defendant's counsel sought to prove certain alleged fraudulent representations made by plaintiff to defendant prior to the purchase of the "Peninsula Methodist", as to the subscription list of said paper. Counsel for plaintiff objected, contending that proof of fraud was not admissible under the general issue, but should be specially pleaded.

The objection was overruled, the court saying:

"We have decided that again and again, and it certainly is not an open question. Fraud can be proved under the general issue. It need not be specially pleaded."

It is unnecessary to refer to other authorities. It is unquestionably the law of this state that such a defense as is averred in said counts may be proved under the general issue. If the allegations of the defendant are true, the promissory note, or contract, sued upon by the plaintiff was fraudulent and void.