EDNA M. RANCH *vs.* WILLIAM F. LYNCH.

1.  FRAUD—ELEMENTS.

To support an action for fraud, plaintiff must show by a preponderance of the evidence that defendant made a false material representation with knowledge of the falsity, and with the intent of inducing plaintiff to act on it, and that plaintiff was misled thereby, and in reliance thereon acted on it to his damage.

2.  FRAUD—EVIDENCE—BURDEN OF PROOF.

Fraud is not presumed, and, when relied on in support of an action, it must be proved.

3.  FRAUD—EVIDENCE.

Fraud, supporting an action, may be proved by direct or positive evidence, as by declarations or admissions of the party charged, or by circumstantial evidence, by considering the conduct of the parties and the facts attending the transaction, if they are reasonably sufficient to show fraud.

4.  FRAUD—QUESTION FOR JURY.

The jury, in determining the question of fraudulent representations inducing plaintiff to sell an interest in real estate, may consider the relationship of the parties, the existence of any confidential relation between them, the distance of plaintiff from the land and place of sale, and any evidence which may or may not show the knowledge or want of knowledge of either of the parties as to the value of the land at the time of sale.

5.  FRAUD—FRAUDULENT REPRESENTATIONS—WHAT ARE.

Any opinion expressed by one seeking to purchase an interest in real estate as to the character or value of the property is, though false, not alone sufficient to show fraud inducing a sale of the interest; but the representation, to be fraudulent, must have been false, and known to have been false at the time it was made.

**6. TRIAL—CREDIBILITY OF WITNESS—QUESTION FOR JURY.**

The jury are the exclusive judges of the credibility of the witnesses and of the weight of their testimony, and where the testimony is conflicting they must reconcile it, if they can, and if they cannot they must give credit to that which in their judgment is most worthy of belief, taking into consideration the intelligence, apparent truthfulness, candor, impartiality, and interest or bias of the witnesses, and their opportunities for knowledge of the facts testified to.

**7. FRAUD—MEASURE OF DAMAGES.**

A grantor of an interest in real estate, who is entitled to recover damages for the grantee's fraud inducing the sale, is entitled to the difference between the value of his interest at the time of sale and the purchase money paid, determined from the evidence.

*(October* 21, 1913.)

Judges BOYCE and RICE sitting.

*Robert C. White* and *James M. Tunnell* for plaintiff.

*John M. Richardson* for defendant.

Superior Court, Sussex County, October Term, 1913.

ACTION ON THE CASE (No. 25, June Term, 1913) by Edna M. Ranch against William F. Lynch for deceit on the part of defendant in purchasing from plaintiff real estate. Verdict for plaintiff.

The plaintiff, as the only heir, in the right of her deceased father, a brother of the defendant, was entitled to an undivided one-seventh interest in a certain farm, near Lewes, Del., formerly belonging to her Grandfather Lynch, deceased, but at the time the plaintiff made sale thereof to her uncle, the defendant, the farm was subject to the life estate of her Grandmother Lynch, who was past eighty years of age, and unable to walk. The plaintiff was at the time of the sale living in the City of Philadelphia, Pa., where she has lived since she was about two years of age. She had visited her father's relations in Sussex County at infrequent intervals, but had very little knowledge of the farm or its value.

The grandmother was the owner in fee of a house and lot in Lewes, and of a farm adjoining the said farm late of her husband, deceased. The plaintiff did not know what interest, if any, she would take in the said real estate of her grandmother, it being

subject to her disposition by will. The grandmother lived with the defendant as a member of his family. The defendant, being desirous of purchasing the interest of the plaintiff in his father's farm, authorized his son, who lived in Wilmington, Del., to ascertain if the plaintiff would sell the same and any possible interest which she might take in the said house and lot owned by his mother; but nothing was said about the farm which his mother owned. The son of the defendant ascertained through a neighbor that the plaintiff would sell, and thereafter called upon the plaintiff, and made known the fact that his father had sent him to purchase her interest in the farm and likewise any possible interest which she might take in the house and lot of their grandmother.

From the testimony of the plaintiff and her husband, it appeared that they knew very little of the value of the properties; that the son of the defendant said his father did not consider the entire farm worth more than ten dollars per acre, subject to the life estate of the grandmother; that it had very little timber on it; and that it was not known what interest the plaintiff would take in the house and lot. The son denied placing a value upon the farm or saying that it did not have much timber on it.

After several interviews, the son claimed that he purchased the interest of the plaintiff in both properties for five hundred and fifty dollars. A deed was executed by the plaintiff and her husband to the defendant, for their interest in the farm, subject to the life estate of the grandmother, the consideration in the deed being two hundred dollars; and a conveyance bond was likewise executed by the plaintiff and her husband to the defendant, binding themselves to convey whatever interest the plaintiff might have in the house and lot upon the death of her grandmother, the consideration being three hundred and fifty dollars. Payment of five hundred and fifty dollars was made and the papers were duly delivered. Shortly thereafter the grandmother died testate, having devised an undivided one-half interest in the house and lot to the plaintiff, who refused to execute a deed for her interest therein when presented to her by the defendant for execution. The farm belonging to the grandmother was devised to the defend-

ant, and it appeared from the evidence that, at the time he purchased the plaintiff's interest in the two properties, he had heard that his mother had made her will.

There was evidence that the farm in which the plaintiff sold her interest contained one hundred and twelve acres and was, at the time of the sale, worth fifty dollars per acre. It was contended by the defendant that the farm contained only ninety acres; there was evidence that the house and lot were worth from eight hundred to nine hundred dollars.

The plaintiff claimed that the consideration of two hundred dollars mentioned in the deed for her interest in the farm was the amount the defendant's son said it was worth, and that she relied upon the representations made to her; but this claim was denied by the defendant.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by Edna M. Ranch, the plaintiff, against William F. Lynch, the defendant, to recover damages by reason of the sale of her interest in a certain farm, situate in Lewes and Rehoboth Hundred, in this county, she alleging that she was induced to sell the same to the defendant upon his false and fraudulent representations as to its value, at the time of the sale.

[1] This is what is commonly known as an action of deceit. The gist of the action is fraud. Fraud necessary to support the action exists where a person makes a false representation of a material fact, susceptible of knowledge, knowing it to be false, with the intention to deceive the person to whom it is made, and the latter relying upon it, acting with reasonable prudence, is deceived and induced to do or refrain from doing something to his pecuniary loss or damage.

In order to support an action of this kind, it is necessary for the plaintiff to satisfy the jury by a preponderance of the evidence (1) that the defendant made a substantial, material representation respecting the transaction; (2) that it was false; (3) that when he made it he knew that it was false; (4) that he made it with the intention of inducing the plaintiff to act upon it; (5)

that the plaintiff was misled thereby and in reliance thereon, did act upon it, and she thereupon suffered damage.

In order to avoid repetition, we will say to you now that if you should find that these requisites necessary to sustain the action have been established to your satisfaction, your verdict should be for the plaintiff. If, however, you should find that the plaintiff has failed to prove any one or all of these essential elements, your verdict should be for the defendant.

[2, 3] Fraud is never presumed, and, whenever it is relied upon in support of an action, it must be proved to the satisfaction of the jury. It may be shown either by direct or positive evidence, as by the declarations or admissions, if any, of the party charged, or by circumstantial evidence; that is, by taking into consideration the conduct of the parties, and all the facts and circumstances attending the transaction, if, in the judgment of the jury they are reasonably sufficient to establish the existence of fraud.

[4] In determining whether the alleged representations were made by the defendant, and if so whether they were made with fraudulent intent through his son, the admitted agent to effect the purchase of the plaintiff's interest in the farm, and whether the plaintiff was induced to rely upon such representations, all of the circumstances surrounding the parties at the time of the sale should be taken into consideration. And if you find that the representations relied upon were made, you may in determining the question of fraudulent intent take into consideration the kindred of the parties, and any confidential relation existing between them, and the distance of the plaintiff from the land as well as from the place of sale, at the time thereof, and any evidence which may, or may not, tend to establish the knowledge or lack of knowledge of either of the parties to this action as to the value of the land at the time of the sale.

[5] Any affirmation or opinion expressed by the defendant through his agent as to the character or value of the farm in question which, in fact, was false, is not alone sufficient in law to establish fraud; but the representation to be fraudulent must

have been false and known by the person making it to be so at the time.

[6] You are the exclusive judges of the credibility of the witnesses and of the weight and value of their testimony. We are not permitted to comment upon the testimony, and we shall not attempt any detailed statement thereof. When there is conflict in the testimony, it is the duty of the jury to reconcile it, if they can, if they cannot do so, then they should give credit to and be governed by the testimony which, in their judgment, is most worthy of belief, taking into consideration the intelligence, the apparent truthfulness, the candor and impartiality as well as any interest or bias of the parties and their witnesses, and their opportunities for knowing that of which they testified.

The claim of the plaintiff is that upon the representations of the defendant she agreed to convey her interest in the farm, subject to the life estate of her grandmother, for the sum of two hundred dollars, and that she likewise agreed and bound herself by a certain conveyance bond, in evidence before you, to convey all her "interest and estate which may pass to and become vested in her at the death of her" grandmother in a certain lot of land with the buildings thereon, situate in the Town of Lewes for the sum of three hundred and twenty-five dollars. The claim of the defendant is that he contracted for the purchase of the farm in question and the house and lot in Lewes, together for the sum of five hundred and twenty-five dollars and he denies that a separate valuation of two hundred dollars was placed upon the plaintiff's undivided one-seventh interest in the farm. Whatever valuation was placed by the parties upon the plaintiff's interest in the farm, if any, you must determine from all the evidence before you.

(7) If your verdict should be for the plaintiff the sum or measure of her damage is the difference between the value of her interest in the land at the time of the sale, subject to the life estate of her grandmother, and the purchase money paid therefor, which sum is to be determined from all the evidence before you, oral or documentary.

We now submit the issue involved to you, and you should decide this case in favor of that party, in whose favor there is

the preponderance, or greater weight, of the evidence, considered in connection with the law as announced to you by the court.

Verdict for plaintiff.