MARY C. REED and WILLARD S. REED *vs.* ELIAS M. SHALLCROSS.

1. ABATEMENT AND REVIVAL—WHAT ACTIONS SURVIVE—PERSONAL INJU-
RIES.

Under *Rev. Code* 1915, § 4155, action for injuries by negligence survives to the personal representative of the deceased in the right of the deceased.

2. PARTIES—SUBSTITUTION—INJURIES TO WIFE—RIGHTS OF HUSBAND.

In view of the *Rev. Code* 1915, § 3052, providing that any married woman may prosecute and defend suits at law or in equity for the preservation and protection of her property as if unmarried, or may do it jointly with her husband, but he alone cannot maintain an action respecting his wife's property, and it shall be lawful for any married woman to make any and all manner of contracts necessary to be made with respect to her own property, and suits may be maintained on such contracts as though the party making them was a *feme sole*, where the husband and wife joined in suit for injuries to the wife and the wife died, and the husband was substituted as plaintiff as administrator of the wife's estate, the husband, not being a necessary party in his individual capacity, was automatically dropped on the substitution.

3. HUSBAND AND WIFE—INJURIES TO WIFE—RIGHTS OF HUSBAND.

In an action for injuries to a wife wherein both husband and wife joined, the declaration could not, either before or after the wife's death, state any cause of action for which the husband alone might sue.

(*March* 21, 1917.)

Judges BOYCE and CONRAD sitting.
*Levin Irving Handy* for plaintiff.
*William S. Hilles* for defendant.
Superior Court, New Castle County, March Term, 1917.
ACTION ON THE CASE, No. 142, September Term, 1915.

ACTION by Mary C. Reed and Willard S. Reed (husband and wife jointly as at common law) to recover damages for personal injuries to the wife by negligence.

The declaration was filed. The wife subsequently died. An amended declaration was filed, admitted to be in substitution

of the first.   On special demurrer to the several counts in the amended declaration.   Sustained.

The death of the wife was suggested on the record, and her husband, as administrator, was admitted party plaintiff.   The amended declaration comprises the names of Willard S. Reed and Willard S. Reed, the administrator of Mary G. Reed, deceased, as plaintiffs.   The several counts in the declaration conclude:

"Whereby the said plaintiffs were forced and obliged and did necessarily pay, lay out and expend a large sum of money, to wit, etc., in and about endeavoring to have the said injuries to the said Mary G. Reed healed and were otherwise greatly injured and damaged, to wit, etc., to the damage of the said plaintiffs," etc.

It is contended that Willard S. Reed cannot join with himself as administrator of the deceased in the further prosecution of the action; and that damages cannot be claimed, for injuries to the deceased in her lifetime, and likewise to her husband.   10 *Ency. of Plead. & Prac.* 236; *Schouler on Domestic Relations*, § 77; *Norcross v. Stuart*, 50 *Me.* 87;   and *West v. Jordan*, 62 *Me.* 484.

BOYCE, J., delivering the opinion of the court:

[1-3]   This action survives to the personal representative of the deceased in right of the deceased.   *Rev. Code* 1915, § 4155. Upon the substitution of the administrator of the deceased as party plaintiff, the name of Willard S. Reed, who joined with the wife in the action, but was not a necessary party (*Rev. Code* 1915, § 3052), automatically dropped.   The declaration cannot, either before or after the death of the wife, contain any statement of a cause of action, for which the husband alone might sue.

A recovery can only be had by the administrator in the right of Mary G. Reed, the deceased.

The demurrer is sustained.