CLARENCE W. WEBSTER,

*vs.*

PALM BEACH OCEAN REALTY COMPANY, a corporation of the State
of Delaware.

*New Castle, Dec.* 7, 1927.

*Herbert H. Ward, Jr.*, of the firm of Ward, Gray and Ward, and with him, *Francis Colety*, of the New York City Bar, for complainant.

*Charles C. Keedy*, for defendant.

THE CHANCELLOR. The principal ground of demurrer is that the bill fails to show such misrepresentation as entitles the complainant to the relief prayed for. That there was, if the allegations of the bill be true, a misrepresentation, that it was false, that the defendant knew it was false, that it induced the complainant to enter into the contract, cannot be questioned, for the allegations touching these particulars are clear.

But the demurrant argues that granting all of this, no relief should be afforded because the misrepresentation charged is purely collateral and not material to the subject-matter of the contract, or, if so, no injury is shown to have been done thereby to the complainant. These are the principal objections raised by the demurrer. They do not appear to be well founded.

As to the materiality of the alleged false representation. It is true as contended by the defendant, that if misrepresentations relate to matters of mere collateral inducement and not to matters affecting the essence and substance of the contract, courts, whether of law or equity, will neither afford affirmative relief to the deceived party, nor allow him by way of defense to avoid his obligation. If, however, the misrepresentations are not as to matters of mere collateral inducement and do relate to the essence and substance of the contract, it is equally true that both law and equity will afford the appropriate affirmative or defensive relief which the nature of the proceeding calls for. The test which the false representation must meet in order for it to be regarded as materially affecting the contract is, that it must have so operated upon the mind of the deceived party as to induce him to enter into it. *Thomas v. Grise*, 1 *Pennewill*, 381, 41 A. 883. A well-known author states the test of materiality as follows:

"If the fraud be such that, had it not been practiced, the contract would not have been made or the transaction completed, then it is material to it; but if it be made probable that the same thing would have been done if the fraud had not been practiced, it cannot be deemed material." 1 Black on Rescission and Cancellation, p. 169.

See, also, 12 *R. C. L.* p. 299; 3 *Williston on Contracts*, § 1490.

The court in *Thomas v. Grise, supra*, in substance adopted this test as sound when it charged the jury that if the fraudulent representations did not induce the purchase and the contract

would have been made notwithstanding such false representations, the contract would not be void, inasmuch as the contract in that event would have been made entirely independently of the false representations.

Was then the representation that all but two of the lots in block 12 had been sold such an inducing statement of fact that, had it not been made, the complainant would have refused to make his purchase? His bill alleges that it was. Now if the alleged representation was such that no reasonable man would probably allow to it any material inducing influence, the complainant's mere allegation that he was governed by it might be viewed with some suspicion if not entirely disregarded. But instead of being of this nature, the contrary would appear to be true, for certainly a statement that all but two lots in the block had been sold has a most material bearing upon the desirability of the remaining two. This is so because the fact of the sale of all the others is about as fair an indication of the extent of the public's demand for lots in that area as an intelligent man would want in order to enable him to judge of the likelihood of an increase in value of the lot he was contemplating purchasing. It would also indicate to him likewise something as to the probability of an immediate improvement and building up of the neighborhood. Whether the complainant, in his purchase, was speculating upon values or whether he was contemplating the erection of a residence for himself, it thus appears that the fact of other sales in the immediate vicinity can be said to have had a reasonable and therefore material relation to the wisdom of buying the lot he did.

The circumstance that the representation in point of form concerned lots other than the one the complainant purchased cannot be said therefore to have no material connection with the subject-matter of the complainant's contract. The substance of the matter is that the complainant was told that the lot he was purchasing was located in the midst of a section the desirability and popularity of which was already demonstrated by numerous sales of lots to others. The representation was not the mere statement of an opinion as to the lot's value. It was a statement of facts upon which the prospective purchaser could form an intelligent opinion of his own. If this representation was false, as the

bill alleges, then enough appears to make out a case which *prima facie* calls for relief. That representations which in point of form relate to a subject-matter other than that of the particular contract which is attacked, may nevertheless have such a relation in point of substance to the latter as to be material thereto, was held in the following cases, which in their facts are somewhat similar to the instant one. *Painter v. Lebanon Land Co.*, 164 *Mich.* 260, 127 *N. W.* 739, 130 *N. W.* 205; *Kertz, et al., v. Dunlop*, 13 *Ind.* 277; *Greene, et al., v. O'Leary, (Sup.)* 191 *N. Y. S.* 338; *Colonial Development Corp. v. Bragdon*, 219 *Mass.* 170, 106 *N. E.* 633.

It is next argued that granting there were fraudulent representations which induced the complainant to enter into the contract, yet no injury is shown to have been done him, for the lot, so far as the bill alleges, may be worth as much as the complainant agreed to pay for it. In response to this contention it is to be first observed that taking as true the facts alleged by the bill, enough appears to warrant the inference that the land was not as valuable as it would have been had the representations not been false. But aside from that, the incurring of pecuniary obligations as a result of fraudulent representations is in itself an injury without the showing of some other pecuniary loss. *Edward Thompson Co. v. Schroeder*, 131 *Minn.* 125, 154 *N. W.* 792.

The defendant contends that the rights of the parties under this contract are to be determined by the law of Florida, that jurisdiction being the situs of the subject-matter's location and the place where the contract was executed. If this be conceded, yet the decision on the demurrer will be no different from that which will follow, for the reason that I find nothing in any of the Florida decisions cited on the brief at variance with the views herein expressed.

A minor point which the defendant mentioned but did not stress is that the complainant is not entitled to relief because he received from the selling agent a part of the agent's commission. How that fact vitiates the sale or taints the complainant's conduct I cannot see, for it could not have had the corrupting effect of rendering the agent less faithful in the performance of his duty to his principal.

The last contention made by the defendant is that the com-

plainant is estopped from relying on the alleged fraudulent representations by a clause in the contract which reads:

"All the terms and representations made prior to the execution of this contract are contained herein."

A sufficient answer to this contention is that whatever may be the rule in other jurisdictions, the Supreme Court of this State has said that a similar but stronger clause than this one, by which a vendor sought to preclude a vendee from setting up fraudulent representations as a defense to a contract of sale, cannot be given a conclusive or controlling effect. *Omar Oil & Gas Co. v. Mackenzie Oil Co., 3 W. W. Harr. 259, 138 A. 392.* A perpetrator of fraud cannot close the lips of his innocent victim by getting him blindly to agree in advance not to complain against it.

The demurrer will be overruled.