WILLIAM J. MONTGOMERY, d. b. a., *v.* JACOB BROS. CO., a Delaware corporation, p. b. r.

*(November 19, 1931.)*

HARRINGTON, J., sitting.

*Arthur G. Logan* (of Marvel, Morford, Ward and Logan) for plaintiff.

*J. LaPenne Guenveur* for defendant.

Superior Court for New Castle County, November Term, 1931.

HARRINGTON, J., charging the jury:

Jacob Bros. Co., the plaintiff, claims that it sold and delivered a radio to the defendant on December 24, 1930, for the agreed price of $175.00 and that a balance of $100.00 is still due on that transaction.

The defendant admits that he purchased a radio from the plaintiff company; that he agreed to pay $175.00 therefor and that only $75.00 was paid at the time the agreement was made and the radio delivered. He claims, however, that when he made the contract of sale with that company and took the radio he was told that he was getting a General Motors radio though in a Jacob Bros. Co. cabinet. He further claims that he did not get a modern General Motors radio but what was known as a Dafan radio which was an antiquated machine of much less value, and in fact not worth more than $75.00.

He, therefore, claims that the contract of sale was induced by fraud practiced upon him by the plaintiff company and that he has already paid the full value of the machine delivered to him in place of the General Motors radio, which from the representations of that company he thought he was buying.

While he also contends that he subsequently offered to return the radio delivered to him, he does not contend that the facts justify a claim that he rescinded the contract of sale.

Where false representations as to material facts, which he knows to be false, are made by the seller of an article, and a contract of sale is induced thereby and in reliance thereon, it constitutes fraud on the part of the seller; and, where the contract of sale has been induced by fraud, the buyer may elect to keep the property bought, and, when sued for the purchase price, may, by way of recoupment, show what such property was actually worth. *Thomas v. Grise,* 1 *Penn.* 381, 41 *A.* 883; *Gould v. Cayuga Co. Nat. Bank,* 99 *N. Y.* 333, 2 *N. E.* 16.

Or as the rule is usually stated, though the contract is induced by fraud he may elect to affirm it, and by way of recoupment show the damages, if any, suffered by him by reason of the fraudulent representations of the seller. Such damages being the difference in the value of

the article as it was represented to be and the value of the article actually delivered to him. *Mackenzie Oil Co. v. Omar Oil & Gas Co.,* 4 *W. W. Harr.* (34 *Del.*) 435, 154 *A.* 883; *Phœnix Oil Co. v. Mackenzie Oil Co.,* 4 *W. W. Harr.* (34 *Del.*) 460, 154 *A.* 894.

Whether there were fraudulent misrepresentations on the part of the seller, which induced the sale, and whether the defendant was damaged thereby are, therefore, the main questions for you to determine.

■ To constitute fraud, the representations relied on must be as to material facts; that is, they must relate to matters of substance and of such importance as to influence the action of the party to whom the representations are made.

The plaintiffs do not deny that they made the representations to the defendant relied on by him, nor do they deny that he got what is known as a Dafan radio. They claim, however, that they bought this radio from the General Motors Corporation and that they, therefore, made no false representations to the defendant.

■ In considering this case, you must ask yourselves what the representations of the seller would fairly imply to the ordinary person, and whether the defendant had the right to believe from such representations that he was buying a different kind of a radio from the one he actually got, and one having a different market value. If he did have that right, and the sale was induced by such representations, there was fraud on the part of the seller. If, on the other hand, he did not have that right, or if the sale was not induced thereby, there was no fraud on the part of the seller.

If you believe that there was no fraud on the part of the Jacob Bros. Co., your verdict should be for that company for the full balance due it, with interest from December 24, 1930. If, on the other hand, you believe that there was fraud on the part of the plaintiff company, you must

then ask yourselves what the radio that the defendant got from that company was actually and fairly worth.

If you believe that the defendant has already paid the plaintiff the full value of such radio, your verdict should be for the defendant. *Thomas v. Grise,* 1 *Penn.* 381, 41 *A.* 883; *Gould v. Cayuga Co. Nat. Bank,* 99 *N. Y.* 333, 2 *N. E.* 16.

If, however, you believe that such radio, though not as represented, was worth more than $75.00, the amount admitted to have been paid at the time of purchase, your verdict should also be for the plaintiff for such an amount as its value exceeds $75.00. *Thomas v. Grise, supra; Gould v. Cayuga, etc., Bank, supra.*