JOHN J. BARNI AND LORRAINE Y. BARNI v. ALBERT KUTNER, also known as Al Kutner.

CLYDE B. TOLER v. ALBERT KUTNER, also known as Al Kutner.

554

(*October* 26, 1950.)

CAREY, J., sitting.

*Joseph Donald Craven* for plaintiffs.

*Clement C. Wood* (of the firm of Hering, Morris, James and Hitchens) for defendant.

Superior Court for New Castle County, Nos. 140 and 139, Civil Action, 1950.

CAREY, J.:

The points raised can most conveniently be considered in the order followed in the briefs. For the purpose of these motions, all allegations in the complaints must be accepted as true.

### The Barni Complaint

(a) The breach of warranty count.

To this count defendant raises three objections: (1) lack of

privity of contract between Mrs. Barni and the defendant; (2) failure to aver consideration for the warranty; (3) failure to give due and proper notice of the breach.

The first objection applies, of course, only to Lorraine Y. Barni. The complaint clearly shows that she was not a party to the contract, but that the dealings were entirely between Mr. Barni and the defendant. No Delaware decision expressly answers this question. The extensive discussion in *Gorman* v. *Murphy Diesel Co.,* 3 *Terry* 149, 29 *A.2d* 145, deals only with liability for negligence of a manufacturer or dealer to a third person and points out that lack of privity is no defense in a negligence case under certain conditions.

In an action ex contractu, although there are authorities to the contrary, the majority rule requires privity of contract to recover for breach of warranty. 46 *Am.Jur.* 487; *Chanin v. Chevrolet Motor Co., (7 Cir.)* 89 *F.2d* 889; *Pearl v. Wm. Filene's Sons Co.,* 317 *Mass.* 529, 58 *N.E.2d* 825. In my opinion, the majority view is the more logical. A warranty is an integral part of a contract. It is primarily made for the benefit and protection of the promise; its validity depends upon consideration. That is not a case where Mrs. Barni became an ultimate purchaser through an intermediate person and where it might conceivably be held that implied privity exists, as some Courts have done. Rights of third parties in cases like the present one arise entirely independently of the contract and may be enforced in an appropriate tort action; no powerful practical reason requires us to abandon or modify the basic principles of contract law in order to guarantee an adequate remedy. I conclude that the first count must be dismissed in so far as Mrs. Barni is concerned because of lack of privity of contract.

In support of his second contention—failure to allege consideration for the warranty—defendant relies upon *McLachlen v. Wilmington Dry Goods Co.,* 2 *Terry* 378, 22 *A.2d* 851,

852. The McLachlen narr averred that defendant's servant "exhibited and recommended to the plaintiff that she purchase" a certain playsuit and made certain statements concerning its qualities; that "the plaintiff upon the receipt of the said dress wore the same" and sustained injuries to her person therefrom. The Court said: "Where a warranty is made at the time of the sale, it is a part of the contract, and the consideration for the sale furnishes the consideration for the warranty. It is alleged that the plaintiff stated her desire to purchase a play suit, and that, on receipt of it, she wore it. It may be supposed that there was a sale, but the fact lies in inference, and not in direct and positive allegation. There is no averment of consideration for the sale, except as price or consideration may be inferred from a sale."

Counsel for Kutner urges this same contention here, but an examination of the present complaint shows a distinction between the two allegations. It is here stated that Barni and the defendant entered into an agreement whereby the plaintiff agreed to purchase from the defendant for $408 a two-door Ford sedan which defendant represented was in good condition and fit to be driven on and over the public highway. Barni's reliance upon this representation is next averred. Then it is said that "pursuant to the aforementioned agreement, the defendant delivered to the plaintiff" the above mentioned motor vehicle. It is not alleged that plaintiff actually paid the purchase price, but payment is not essential, for a promise to pay is sufficient. Even if, notwithstanding the provisions of 5998, Sec. 48, Revised Code of Delaware 1935, we assume that title remained in the defendant after delivery of the car, there is sufficiently alleged a contract to buy it for a stated consideration, plus delivery pursuant to the contract. Barni certainly was bound to pay the purchase price, and defendant's liability under the warranty is not altered by the giving of credit. 46 Am.Jur. 483, 484. This count does not violate the requirements of the McLachlen case.

With respect to the contention that due and proper

notice of the breach was not given, it appears from the complaint that, two days after the accident, Barni notified the defendant of the "aforesaid facts" and was told by the defendant that "he was sorry but it was just one of those things." The words "aforesaid facts" include the description of the collision itself, the defectiveness of the brakes, the defendant's liability therefor in that he knew or should have known that they were defective, and his breach of the warranty. The timeliness of this notice is not questioned, but it is urged that notice was insufficient to inform the defendant of an intention to hold him responsible for the resulting damages.

6028, *Sec. 78*, *Revised Code of Delaware* 1935 provides: "6028. *Sec. 78*. Acceptance Does not Bar Action For Damages: —In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor."

The statute itself lays down no specific standard for testing the sufficiency of a notice. Unquestionably, the nature of the case and its particular facts and circumstances have an important bearing. The Massachusetts Court, in *Nashua River Paper Co. v. Lindsay*, 249 *Mass*. 365, 144 *N.E.* 224, without attempting to formulate an all-inclusive rule of construction, pointed out that the notice ought at least meet certain requirements. It must (1) refer to particular sales, so far as practicable; (2) fairly advise the seller of the alleged defects; (3) repel the inference of waiver; (4) assert, directly or by reasonable inference, that the buyer is claiming a violation of his legal rights, although it need not take the form of an express claim for damages or threat of such. The Court's words were quoted with approval in *Cox v. Greenlease-*

*Lied Motors,* 134 *Neb.* 1, 277 *N.W.* 819. Whether the question in this case is one for the Court or for the jury, I need not now decide; under the circumstances presented, the allegations as to notice are at least adequate to justify a jury in finding for the plaintiff. *Jamrog v. H. L. Handy Co.,* 284 *Mass.* 195, 187 *N.E.* 540. The only case cited by defendant which might possibly be construed as conflicting with this conclusion is *Texas Motor Coaches v. A. C. F. Motors Co.* (3 *Cir.*) 154 *F.2d* 91, but in truth the facts there relied upon by the plaintiff as constituting notice furnished no basis whatever for any such inference, as the Court indicated on page 95.

As to Mr. Barni's action, the motion to dismiss the first count must be denied.

(b) The negligence count.

■■ The defendant makes five objections to this count. He contends (1) that its allegations fail to aver with particularity any breach of duty owed by defendant to the plaintiffs; (2) that from the facts averred it is clear that Mr. Barni was guilty of negligence which was the proximate cause of the accident, and the defendant's negligence, if any, was the remote cause; (3) that there was no privity of contract between Mrs. Barni and the defendant; (4) that Mr. Barni may not join his action for loss of consortium with that of his wife for her bodily injuries; (5) that the special damages alleged by Mr. Barni are not pleaded with sufficient particularity.

Much space in the briefs is devoted to an analysis of the duty owed by a dealer in used cars to a buyer and to third persons. It is unnecessary here to discuss the full extent of his duty, for the question presented is simply whether the allegations of this particular count make out a case of actionable negligence.

The count includes averments showing this situation: (1) an agreement of sale from a used car dealer (2) of a car having de-

fective brakes (3) when he knew they were defective (4) and knew that the buyer was about to drive it on the highway (5) to a buyer who did not know of the defect before the emergency arose (6) and who relied upon the dealer's representations of good quality and fitness (7) which said defect caused an accident and the resulting damages. Under these allegations, we are not concerned with any duty of the dealer to inspect or repair. Kutner is charged in this count with *actual knowledge* of the defective brakes; if he had that knowledge, he had, at the very least, a duty to inform Barni of the defect. Restatement Torts, § 388. Inasmuch as an automobile with defective brakes is an imminently dangerous instrumentality, the circumstances set forth disclose actionable negligence, provided it proximately caused the injuries. *Gorman v. Murphy Diesel Co.*, 3 *Terry* 149, 29 *A.2d* 146; *MacPherson v. Buick Motor Car Co.*, 217 *N.Y.* 382, 111 *N.E.* 1050.

 The paragraph numbered "25" in the complaint, in which defendant's negligence is attempted to be summarized, contains no reference to the failure to inform. This omission does not render the count subject to a motion to dismiss for failure to state a cause of action, for a reading of the entire count sufficiently discloses the circumstances constituting negligence in the respect indicated above. Any possible ambiguity between paragraph 25 and the other allegations might be subject to attack in some other form of motion, but it does not require dismissal of the count.

 The authorities cited in the last preceding paragraph also answers defendant's third contention concerning privity of contract. The case falls precisely into that category in which lack of privity is no defense. See *Hunter v. Quality Homes*, 6 *Terry* 100, 68 *A.2d* 620.

 In pressing his contention that Mr. Barni was guilty of negligence which rendered defendant's negligence remote, the defendant assumes or infers the existence of certain facts which are not in the complaint. The plaintiff is not required affirmatively

to rebut negligence on his own part. A motion to dismiss under 12(b) is never granted unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. 2 *Moore's Federal Practice* A2 *ed,*) 2244. Whether Barni was or was not negligent, and just what the result would be if he was, are matters not now decided. It is enough to say that the facts now in the record do not show to a certainty that the plaintiffs are not entitled to relief. Determination of this particular contention can more appropriately be made after a full showing of all the facts.

■ Prior to the adoption of the new rules of Court, it was true that husband's action for loss of consortium could not be joined with his wife's action for bodily injuries. *Reed v. Shallcross,* 6 *Boyce* 447, 100 *A.* 474. However, in view of the language of the present rule 20(a), there is no reason why it should not now be done. I hold that such a joinder is permissible under the present practice.

■ The final contention, which charges lack of particularity in alleging special damages, will not be considered under the present motion. If defendant's position should be upheld, dismissal of the complaint would not be justified for this reason alone. Other means are available to procure additional details, if they are needed.

The defendant's motion as to the second cause of action will be denied.

(c) The fraud count.

The defendant urges that this count is bad because of (1) lack of privity of contract between Mrs. Barni and the defendant and (2) failure to aver all the necessary elements of an action in deceit.

■ ■ An action of deceit is, of course, not based upon contract but upon tort. I am unable to perceive any sound reason .

why lack of privity of contract should be a defence in such a case any more than in a negligence suit. Whether it be negligence or fraud which results in personal injuries or property damage from an imminently dangerous instrumentality, the right of action should exist in favor of those so harmed, regardless of privity. 46 Am.Jur. 935. Although there are no Delaware cases directly in point and the authorities elsewhere are somewhat conflicting, I consider this conclusion to be the more reasonable.

 In my opinion, however, the defendant's second contention as to this count is well taken. The decided cases in Delaware include knowledge of falsity by the defendant as one of the elements of an action of deceit. *Ranch v. Lynch,* 4 *Boyce* 446, 89 *A.* 134; *Montgomery v. Jacob Bros. Co.,* 5 *W. W. Harr.* 112, 159 *A.* 374; *Nye Odorless Incinerator Corp. v. Felton,* 5 *W. W. Harr.* 236, 162 *A.* 504; *Tyre v. Causey,* 4 *Harr.* 425. The only qualification to this rule appears in the Nye case, *supra,* where it is indicated that the requirement is satisfied if the representation was made with a reckless indifference to the truth of the matters and without knowledge of their truth, intending that the person to whom the representations were made was to act upon such statements as if they were true.

 Notwithstanding the fact that, in the negligence count which has been discussed above, it is alleged that the defendant knew that the brakes were defective, no such averment appears in this fraud count. Here it is alleged that defendant is responsible for the accident in that he "fraudulently represented" to Mr. Barni that the vehicle was in good condition, etc. The quoted phrase is an inference or conclusion which does not take the place of a positive averment of fact. Rule 9(b) requires that in all averments of fraud the circumstances constituting fraud shall be stated with particularity. Certainly, a well drawn complaint should contain averments which show that all the elements of an action in deceit exist. 2 *Moore's Federal Practice* (2 *ed.*) 1907;

*Chanin v. Chevrolet Motor Co.,* (*7 Cir.*) 89 *F. 2d* 889. Here, a necessary element, scienter, does not appear.

For the foregoing reason, the defendant's motion as to this count must be granted with leave to amend.

### The Toler Complaint

█ This complaint is based solely upon negligence. The defendant's motion brings up four points: (1) lack of privity of contract between Toler and the defendant; (2) failure to allege with particularity any breach of duty owed by the defendant to the plaintiff; (3) remoteness of the defendant's negligence, if any, because of negligence on the part of Barni; (4) failure to set forth special damages with proper particularity.

█ What has been said elsewhere in this opinion disposes of the first, third and fourth of these contentions. The second contention, however, has merit. This complaint, of course, must be judged upon the basis of its own allegations and without any reference to the complaint in No. 140. Strange to say, the averments here differ essentially from those contained in the Barni negligence count. Aside from the allegations of damage, the material charges of this complaint may be fairly summarized as follows:

1. That Barni purchased the car from Kutner upon the latter's representation of fitness, which was relied upon by Barni;

2. That Toler was proceeding easterly on Route 202 near Brandywine Summit at the time in question;

3. That "suddenly and without warning of any kind the car driven by J. Barni swerved out of line to the left side of said highway and crashed into the motor vehicle driven by the plaintiff";

4. That defendant was negligent in selling the Barni car, knowing the brakes were defective, and knowing that the probable consequence of selling the car in that condition would endanger persons on the highway.

One vital defect here is the failure to set forth any circumstances connecting Kutner's negligence with the occurrence of the accident. In contrast to the complaint in No. 140, there is nothing whatever to suggest that the defective brakes caused Barni to swerve to his left. His action may have been due to any one or more of a number of reasons having no relation whatever to defective brakes.

This complaint also differs from the negligence count in No. 140 in other respects. For example, it nowhere expressly alleges Barni's ignorance of the defective brakes prior to the accident, nor does it clearly charge a failure by Kutner to inform Barni of the defect.

██ ██ It must be remembered that our Rule 9(b), in contrast to the Federal Rule of the same number, Fed. Rules Civ. Proc., 28 U.S.C.A., requires particularity in averring circumstances constituting negligence. This rule is not intended to demand the observance of the technical requirements of the common law. *Winter v. Pennsylvania Railroad Company,* 5 *Terry* 429, 61 A.2d 398. Nevertheless, in its application to an unusual situation like the present one, the rule demands more than is contained in this complaint.

The complaint in this case does not state an actionable cause of negligence and the defendant's motion must be granted with leave to amend.