# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JANET BATCHELOR,
Formerly DBA DANCENERGY,

    PLAINTIFF,

v.

ALEXIS PROPERTIES, LLC,
BB PROPERTIES OF DELAWARE,
LLC, JOHN WELCOME d/b/a
WELCOME HOME REALTY &
LIVEDE.COM, INC. and
MELISSA HOPKINS, ESQ.

    DEFENDANTS.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. K17C-11-001  NEP
In and For Kent County

Submitted: March 9, 2018
Decided: April 3, 2018

## ORDER

Before the Court are Defendants John Welcome's (hereinafter "Defendant Welcome"), Alexis Properties' (hereinafter "Defendant Alexis") and Melissa Hopkins's (hereinafter "Defendant Hopkins") motions for reargument of this Court's February 23, 2018 order denying Defendant Hopkins's motion to dismiss. This dispute concerns a complaint filed by Ms. Janet Batchelor (hereinafter "Plaintiff"), who seeks damages resulting from Defendant Hopkins's alleged malicious prosecution against Ms. Batchelor.

The facts recited are those as alleged in Plaintiffs' complaint.[1] On May 4, 2016, Plaintiff signed a lease for the Property for the term of June 1, 2016 to May 31, 2017. Plaintiff intended to use the property to operate a dance studio. Citing various alleged violations of the lease hindering her use of the Property, Plaintiff vacated on May 31, 2017. Thereafter, Defendants threatened legal action, and, employing the services of Defendant Hopkins, filed a summary possession action with the Justice of the Peace Court on July 28, 2017 (hereinafter the "Summary Possession Action"). Defendants voluntarily dismissed the Summary Possession Action on August 3, 2017. That same day, Defendants, again employing the services of Defendant Hopkins as an attorney, filed a debt action against Plaintiff in Justice of the Peace Court (hereinafter the "Debt Action"). The Justice of the Peace Court dismissed the Debt Action against Plaintiff on September 29, 2017.

Defendant Hopkins moved to dismiss this claim, arguing that dismissal was warranted because (1) all actions she filed were filed with probable cause and in good faith; (2) Plaintiff failed to plead damages; and (3) the actions filed did not terminate in Plaintiff's favor.

On February 23, 2018, this Court denied Defendant Hopkins's motion, and rejected her arguments for the following reasons: (1) Defendant Hopkins's insistence that she had probable cause to file the suit and filed in good faith will not avail her in the face of Plaintiff's assertions to the contrary; (2) Defendant Hopkins did allege damages, alleging reputational harm; and (3) Defendant Hopkins failed to present legal authority showing that the actions did not terminate in Plaintiff's favor.

Now Defendants petition this Court to revisit its decision, arguing that the Court misunderstood the facts and overlooked a controlling legal principle.

---

[1] *Savor Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (on a motion to dismiss "all well-pleaded factual allegations are accepted as true.").

Specifically, with regard to argument two (2), Defendants argue the Court incorrectly determined that Plaintiff sufficiently pled damages, because the elements of malicious prosecution require an allegation of special injury, while Plaintiff alleged only reputational harm. With regard to argument three (3), Defendants argue that the Court mistakenly believed that the Debt Action was voluntarily dismissed by Defendants, when in fact, Defendants allege, it was dismissed *sua sponte* by the Justice of the Peace Court.

A motion for reargument filed pursuant to Superior Court Civil Rule 59(e) will only be granted if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2]

To properly plead malicious prosecution, a plaintiff must allege: "(1) the institution of civil proceedings; (2) without probable cause; (3) with malice; (4) termination of the proceedings in the aggrieved party's favor; and (5) damages which were inflicted upon the aggrieved party by seizure of property or other special injury."[3]

This Court's *Cuccia v. Edinburg*[4] decision holds that damage to reputation does not satisfy the damages element.[5] In *Cuccia*, a plaintiff brought a claim for malicious prosecution seeking to recover for, *inter alia*, "damage to reputation."[6] This Court dismissed the *Cuccia* plaintiff's claim, finding that the plaintiff had failed

---

[2] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (citing *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

[3] *Nix v. Sawyer*, 466 A.2d 407, 411 (Del. Super. 1983).

[4] 1984 WL 548380 (Del. Super. Jan. 10, 1984).

[5] *Id.* at *2.

[6] *Id.* at *1.

to allege "any special injury or special damage in his complaint."[7] Upon closer examination of this case, the Court agrees that reputational damage does not constitute a "special injury" as required to support a claim of malicious prosecution.

The Court finds that its decision must be revisited. Here, the complaint's sole allegation of damages is reputational harm, which is not a seizure of property and is also not a special injury. Consequently, the complaint is insufficient to satisfy the pleading requirements for a claim of malicious prosecution. Therefore, Plaintiff's malicious prosecution claim is improperly pled, and dismissal of that claim is warranted. While Ms. Batchelor has alleged in her response to the motion for reargument that she suffered the loss of her security deposit, and that this should be considered as a special injury, the Court's inquiry on a motion to dismiss is focused on the allegations made in the complaint.[8] Because the failure to allege special injury or special damage independently necessitates dismissal of the malicious prosecution claim, the Court need not address Defendants' other grounds for reconsideration.

---

[7] *Id.* at *2.
[8] *Barni v. Kutner*, 76 A.2d 801 (1950) (holding that a complaint must be judged upon the basis of its own allegations).

**WHEREFORE**, for the foregoing reasons, Defendants' Motions for Reargument are **GRANTED**, and Defendants' Motions to Dismiss are **GRANTED** as to Plaintiff's malicious prosecution claim. The other claims in Plaintiff's complaint will move forward.

**IT IS SO ORDERED.**

_/s/ Noel Eason Primos_____

Judge

NEP/wjs
*Via File&ServeXpress & U.S. Mail*
oc.   Prothonotary
cc.   Janet Batchelor
      Counsel of Record