## Dougherty v. Pittsburgh Railways Company, Appellant.

*Practice—Trial—Withdrawal of juror—Misstatement of counsel.*

Counsel should be held to a strict accountability for language used in addressing the jury, and where willful or reckless misstatements of the evidence are made a juror should be withdrawn or a new trial granted.

Such an action is not necessary where counsel in summing up the damages states that a certain sum is admitted, but upon being interrupted, at once corrects himself by saying that what he meant was, that the testimony as to the items was uncontradicted, and this is followed by a statement by the court in the charge that no amount had been admitted, and that the amount spoken of as admitted was the amount claimed.

*Street railways—Passenger—Evidence—Presumption.*

Where a passenger on a street railway car is injured by the failure of

the brakes to work because of a broken chain, a presumption of negligence arises against the company, and this presumption is not rebutted by proof that the brakes held the car on the previous trip.

Argued Oct. 25, 1905. Appeal, No. 70, Oct. T., 1905, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1902, No. 776, on verdict for plaintiff in case of Josephine Dougherty v. Pittsburgh Railways Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

At the trial it appeared that the accident was due to the failure of the brakes to work on the car on which the plaintiff was riding as a passenger. The brakes did not work because of a broken chain.

The court charged in part as follows:

[When a passenger gets upon a street railway car and pays his or her fare, a contract is made with him or her to be taken safely to destination. So that in this case, all that was necessary for the plaintiff to make out what is called a prima facie case was to prove that she was a passenger for hire on the street railway. The burden of proof is then put upon the defendant to show that there was no negligence at all on its part. As you can see, that rule is a very strict one. As the carrier of passengers must exercise the highest degree of care and use all such appliances as the highest human foresight would suggest under the circumstances, you will see that there are comparatively few cases in which the street car company attempts to show that it is not liable, because there are so few cases where they could escape. Sometimes there is some defective appliance for which they are not responsible, something that they could not have foreseen, some latent defect by reason of which they may escape.

The case here is in such shape that the defendant has not overcome the burden, or, to use a better expression, has not met his burden of proof. They have shown how the accident happened, that the brake failed to work, but they did not go

into details, but put in this evidence so as to show that they were not simply recklessly negligent and careless. They claim it was an accident. Without troubling yourselves about that branch of the case, you have sufficient here on the question of negligence, and the question that you have to determine is how much this young woman was hurt, and if she was hurt, what is her damage.] [2]

Verdict and judgment for plaintiff for $12,000. Defendant appealed.

*Errors assigned* were (1) refusal to withdraw a juror for the reason set forth in the opinion of the Supreme Court; (2) above instructions, quoting them.

*James C. Gray*, with him *Clarence Burleigh* and *William A. Challener*, for appellant, cited: Holden v. Penna. R. R. Co., 169 Pa. 1; Forker v. Sandy Lake Borough, 130 Pa. 123.

*Thomas M. Marshall, Jr.*, for appellee.

PER CURIAM, January 2, 1906:

The first assignment of error is to the refusal of the court to withdraw a juror because counsel for the plaintiff in his closing address said that the defendant had admitted that damages amounting to $9,000 or $10,000 had been sustained, when in fact no admission had been made. Counsel should be held to a strict accountability for language used in addressing the jury, and where willful or reckless misstatements of the evidence are made a juror should be withdrawn or a new trial granted, but such action by the court was not called for in this case. There was no contradiction of the plaintiff's testimony as to the loss she had sustained by being unable to work and of the expenses she had incurred because of her injuries, and the evidence produced by the defendant tended to show what treatment might benefit her and the cost thereof. It was in summing up these items that the statement objected to was made. The counsel was interrupted while making the statement, and he at once said that what he meant was that the testimony was uncontradicted as to these items. This was followed by a statement by the court in the charge that no amount

had been admitted by the defendant, and that the amount spoken of as admitted was the amount claimed. The error of counsel was thus corrected without having prejudiced the defense.

The remaining assignment is that in charging the jury the court treated the negligence of the defendant as not being in dispute. Where injury to a passenger is caused by a defect in the means of transportation, there is a presumption of negligence on the part of the carrier. The plaintiff was a passenger in one of the defendant's cars, and the accident was caused by the failure of the brakes to work because of a broken chain. It was not shown what caused the chain to break nor what its condition was before the accident. The only proof by the defendant was that the brake held the car on the previous trip. This did not rebut the presumption.

The judgment is affirmed.