### VAUGHAN v. MAGEE.

(Circuit Court of Appeals, Third Circuit. December 31, 1914.)

No. 1846.

TRIAL (§§ 115, 133*)—MISCONDUCT OF COUNSEL—AMOUNT SUED FOR—DISCLOSURE TO JURY.

The ruling of the state courts that whereon a court in its charge, or counsel in addressing a jury, have brought to a jury's notice that a plaintiff claimed a fixed sum, it will be adjudged a mistrial, restated as applicable to the federal courts in the Third circuit.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 279–283, 295, 298, 316; Dec. Dig. §§ 115, 133.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action at law by Mary Magee against Ira Vaughan. From a judgment for plaintiff, defendant brings error. Reversed.

For opinion of District Court denying motion for new trial, see 212 Fed. 278.

Ruby R. Vale, of Philadelphia, Pa., for plaintiff in error.

John W. Brock, Jr., of Philadelphia, Pa., and John C. Robinson, of New York City, for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Miss Mary Magee, the plaintiff, a citizen of New York, brought suit against Ira Vaughan, a citizen of Pennsylvania, to recover damages for injuries sustained by her through his alleged negligence. Such alleged negligence consisted in an automobile, for which it was contended Vaughan was responsible, striking a carriage in which Miss Magee was riding. The jury found a verdict for the plaintiff, and, judgment having been entered for the damages found, defendant sued out this writ.

After careful consideration of the case, we are of opinion there was a mistrial below, and the judgment must be reversed. We regret this controversy could not have ended with this trial; but the question here involved reaches beyond the present case and parties, and affects the proper trial of that large and growing number of cases for personal injuries now finding their way to federal courts.

In the ordinary suit on a bond, note, contract, or account, the amount in suit can be stated, goes in evidence, and affords the jury a money basis on which the rights of the parties can be determined. In damage cases there is no fixed sum in controversy. The amount of damages a party recovers is ascertained by the jury from evidence regularly offered and admitted by the court of such pertinent facts as will enable the jury to itself fix the money value of the injury sustained. While among those facts may, at times, be certain definite amounts in the way of medical, surgical, and nursing expenses, and other items capable of exact fixation, yet, when it comes to determining the amount of the damages to be awarded, this is the province of the jury alone, and of a jury uninfluenced by the figures or estimates of any other person as to the amount thereof. The law, therefore, permits no estimate to be given by either party to the jury, even under oath, of the money amount of such damages, and to get the same character of estimates before a jury by indirect methods is a reprehensible practice.

Whatever may be the practice in other jurisdictions, the courts of Pennsylvania have been stern and unyielding in that regard. Wherever a court, in its charge, or counsel, in addressing a jury, have brought to a jury's notice that a plaintiff claimed a fixed sum for damages, it has been adjudged a mistrial. Carothers v. Pittsburgh Railways Co., 229 Pa. 560, 79 Atl. 134; Reese v. Hershey, 163 Pa. 253, 30 Atl. 907, 43 Am. St. Rep. 795; Quinn v. Phila. Rapid Transit Co., 224 Pa. 162, 73 Atl. 319; Dougherty v. Pittsburgh Railways Co., 213 Pa. 346, 62 Atl. 926; Hollinger v. York Railway Co., 225 Pa. 419, 74 Atl. 344, 17 Ann. Cas. 571. The bar of the state has loyally supported this view, and this seems a fitting case for this court to emphasize and restate, as applicable to the federal courts of this circuit, the ruling of those cases.

Without detailing the facts in the present case, it suffices to say plaintiff's counsel, while cross-examining defendant, called express attention to the fact of the sum of money claimed in the plaintiff's statement—a sum, we may add, much in excess of any damage shown by the proofs to have been sustained. Thereupon the defendant's counsel asked that a juror be withdrawn and the case continued. The court ruled out the objectionable reference, but refused to continue the case, which refusal was duly excepted to. Thereupon plaintiff's counsel repeated the objectionable statement. It is due to the counsel, who was not a member of the Pennsylvania bar, to here note his statement that he did not know of the Pennsylvania rule, that he did not at once grasp the significance of the court's ruling, and that he had no intention of violating such ruling by repeating the objectionable statement. It is also due the court to say that the trial judge in his charge earnestly sought to have the jury disregard the statement.

We will not enter into a speculative analysis of what effect the statement and its repetition to the jury had. It suffices to say the jury improperly had before it substantial statements of matters which were not only not in evidence, but which on no principle of law could have been admitted in evidence. The possibility of the verdicts of juries being based on that which is not evidence goes to the very foundation of that fair and impartial trial for which courts exist. Whether the objectionable statements did or did not influence the jury in this particular case is not the test, for this court cannot permit any such practice to obtain even a foothold in this circuit. If enforcement of this rule necessitates retrial, such result can be avoided by the observance by counsel, when practicing in the courts of Pennsylvania, whether federal or state, of this wholesome practice, which has long obtained in this commonwealth.

The judgment below is reversed, and the case remanded for retrial.