LLOYD GLASSMEYER, PLAINTIFF-APPELLANT, v. THE PENNSYLVANIA RAILROAD COMPANY, DEFENDANT-RESPONDENT.

Submitted January 27, 1933—Decided July 29, 1933.

Before Justices BODINE and DONGES.

For the plaintiff-appellant, *Paul Koch.*

For the defendant-respondent, *Wall, Haight, Carey & Hartpence.*

PER CURIAM.

The plaintiff appeals from a verdict directed by the court in favor of the defendant. The complaint shows that the plaintiff, a commuter on the defendant's road while waiting to board a train at the defendant's station, was negligently injured by reason of the improper operation of the defendant's train known as the "preference freight," or because of the improper maintenance of the tracks and roadbed on which the freight train was running.

The plaintiff proved that his injuries were occasioned by the derailment of part of the "preference freight" and by the demolishment of the railroad station. The court, in denying a motion for a nonsuit, treated such proofs as constituting a *prima facie* case of negligence. 10 *Corp. Jur.* 1036.

The defendant's proof, however, indicated that the occurrence was due to a defect in a refrigerator car owned by a connecting carrier. One of the brake heads and shoe of the car fell into a frog at a switch along defendant's tracks derailing ten cars. These derailed cars damaged the station. The brake gear and journals were tested before the train started, and the proofs indicated that the falling of the mechanism was due to a latent defect which could not have been revealed save by dismantling in the shop. The carrier, therefore, demonstrated by uncontradicted proofs that the injury occurred without negligence on its part. *Anderson* v. *Erie Railroad Co.*, 68 *N. J. L.* 647; 54 *Atl. Rep.* 830; 10 *Corp. Jur.* 1036. A carrier is not liable for an injury due to a latent defect not discoverable by the exercise of reasonable care. *Dougherty* v. *Pittsburgh*, 213 *Pa.* 346; 62 *Atl. Rep.* 926; *Western Maryland Railroad Co.* v. *State*, 95 *Md.* 639; 53 *Atl. Rep.* 969. It is manifest that a railroad company accepting a car from a connecting carrier cannot separate every part of its mechanism and subject the same to a shop test designed to reveal the integrity of the metal parts. The defendant, by uncontradicted proofs, having rebutted the presumption of negligence, the direction of a verdict in its favor was proper.

The hypothetical question propounded to an expert witness called by the defendant possibly offended the rule laid down in *Shoemaker* v. *Elmer*, 70 *N. J. L.* 710; 58 *Atl. Rep.* 940. Even so, the judgment should not be reversed since evidence properly admitted and uncontradicted demonstrated that the accident was due to a latent defect not discoverable by the exercise of reasonable care under the circumstances.

The judgment is affirmed.