DONALD HENNE, et al., Defendants, Appellants, v. SIDNEY BALICK, Plaintiff, Appellee.

(*November* 25, 1958.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*William Prickett, Jr.,* and *William Prickett, Sr.,* for appellants.

*John M. Bader* (of the firm of Balick and Bader) for appellee.

Supreme Court of the State of Delaware, No. 12, 1958.

BRAMHALL, J.:

This appeal relates to an action for personal injuries in which plaintiff's counsel in his closing argument to the jury was permitted (1) to present plaintiff's claim for loss of earnings on a *per diem* basis without specific evidence to support it; and (2) to present, along with a blackboard demonstration thereof, plaintiff's claim for damages for pain and suffering on a *per diem* basis.

Plaintiff was injured in an automobile accident on November 25, 1955. At the trial it was shown that plaintiff sustained an injury to his back, a disfiguremnt, an impairment of the sense of smell and severe headaches. Substantial evidence was offered to the effect that all of these injuries were of a permanent nature. Plaintiff's counsel in his closing argument, in discussing the question of plaintiff's damages, used a blackboard demonstration to the jury, in which plaintiff's damages were set forth as follows:

| "38 years | |
|---|---|
| Hospital and Medical | 613.54 |
| Loss of earnings | 225.00 |
| Pain and suffering | 2,500.00 |
| First 10 days | |
| Next 6 months at $25 per day | 4,500.00 |
| Loss of earning capacity 38 years | |
| at $10 per week | 19,000.00" |

Defendants objected to the item for loss of future earnings on the ground that there was no evidence in the record from which the jury might have fixed a value for future earnings. Defendants also objected to the use on the blackboard and in the closing argument of plaintiff's counsel of the items set forth in the blackboard demonstration relating to pain and suffering, contending that it was improper to permit counsel for plaintiff to suggest to the jury for its consideration a specific sum *per diem* as damages for pain and suffering. The Court overruled defendants' objection as to both, instructing the jury that the above items were proper for their consideration. The jury brought in a verdict for plaintiff in the sum of $14,000. Defendants appeal.

We consider first the question of whether or not the Court erred in charging the jury that they could award damages for loss of future earnings.

As we understand defendants' objection, it is twofold: first, there was no evidence in the record relating to plaintiff's loss of earnings from which the jury might determine the amount of plaintiff's loss, and, secondly, assuming the existence of such evidence, it was necessarily so indefinite, so uncertain and so conjectural as to make the use by plaintiff's counsel on the blackboard and in his closing argument to the jury of a specific claim for loss of earnings highly improper.

Plaintiff says that defendants' argument assumes that the law requires direct and specific testimony that plaintiff was earning, or was capable of earning, a specific sum of money in a specified employment. Plaintiff further contends that in view of the substantial evidence offered by plaintiff as to permanent injuries, the effect of these injuries upon plaintiff's future earning capacity was a matter entirely for the jury to determine.

At the time of the accident plaintiff was a law student. His health was good. At the time of the trial he was a practicing lawyer in this State. Substantial evidence was offered showing that the injuries of which plaintiff complained were permanent

in nature. The record fails to establish the earning capacity of plaintiff either before or after the accident.

The law does not permit a recovery of damages which is merely speculative or conjectural. *Scotton v. Wright,* 2 *W. W. Harr.* 192, 121 *A.* 180. As a general rule, it refuses to allow a plaintiff damages relating to the future consequences of a tortious injury unless the proofs establish with reasonable probability the nature and extent of those consequences. *Budden v. Goldstein,* 43 *N. J. Super.* 340, 347, 128 *A.* 2d 730. See *Restatement of the Laws of Torts,* § 912, *Comment* (e). There must be some reasonable basis upon which a jury may estimate with a fair degree of certainty the probable loss which plaintiff will sustain in order to enable it to make an intelligent determination of the extent of this loss. *Brown v. Sutowski,* 117 *Vt.* 337, 91 *A.* 2d 556. The burden is upon the plaintiff to furnish such proof. If he fails in this respect, the jury cannot supply the omission by speculation or conjecture. *Scotton v. Wright, supra; Seals Piano & Organ Co. v. Bell,* 17 *Ala. App.* 331, 84 *So.* 779. The fact that there is some uncertainty as to plaintiff's damage or the fact that the damage is very difficult to measure will not preclude a jury from determing its value. *Ball v. T. J. Pardy Const. Co.,* 108 *Conn.* 549, 143 *A.* 855, 63 *A. L. R.* 139. But this does not mean that there need be no proof at all as to plaintiff's earning capacity. Plaintiff must at least offer some evidence of loss of earnings in the future as a result of his permanent injury and, if possible, the nature and extent of his loss. *Budden v. Goldstein, supra.*

We do not agree with the contention of plaintiff that the mere showing of permanent injuries, such as plaintiff sustained in this case, is, of itself, under the circumstances of this case, sufficient evidence of the extent of the impairment of plaintiff's future earning capacity. To support a finding of a specific sum as damages there should generally be other evidence than that which merely shows the nature of plaintiff's injuries and his vocation. *McAlister v. Miller, Tex. Civ. App.,* 173 *S. W.* 2d 339. Viewing the record in the light most favorable to

plaintiff, we feel that plaintiff has failed to produce any evidence showing his future loss of earnings, or any other evidence from which such a finding by a jury would naturally flow. While, of course, the amount of plaintiff's loss as to future earnings could not have been fixed with the same degree of certainty as was possible in the case of past earnings, nevertheless, some tangible evidence relating to the extent of plaintiff's loss of future earnings should and probably could have been produced.

Plaintiff relies upon the case of *Connolly v. Pre-Mixed Concrete Co.*, 49 *Cal.* 2d 483, 319 *P.* 2d 343, 346, in which the Supreme Court of California said:

"* * * loss of earning power is an element of general damages which can be inferred from the nature of the injury, without proof of actual earnings or income either before or after the injury, and damages in this respect are awarded for the loss of ability thereafter to earn money."

We think that the above statement of the law is too broad and too sweeping. In addition, under the facts of the *Connolly* case such a statement was unnecessary in reaching a determination and constituted dictum. In that case there was specific evidence showing plaintiff's probable loss of earning power. Plaintiff was a champion tennis player. At the time of her accident she had planned to go on a professional tennis tour, for which she had been offered a percentage of the receipts with a guarantee of $30,000. It was estimated that she would have received $62,500 and would have received additional sums from various sources and that her net earnings during that year would have been from $50,000 to $75,000. In this case plaintiff at the time of the accident was a law student, without any history of actual earnings. Unlike the *Connolly* case, the record in this case is completely devoid of any evidence, either as to plaintiff's earnings or as to the extent of the impairment of his earnings in the future. In our opinion the *Connolly* case does not apply.

We think that under the evidence presented the trial judge erred in submitting to the jury the question of plaintiff's future loss of earnings.

Our decision upon the question of whether or not the trial judge should have submitted to the jury the question of plaintiff's future loss of earnings is sufficient to dispose of this appeal. However, since defendant's motion for a new trial must be granted, defendants' second point relating to the blackboard discussion by plaintiff's counsel upon the question of pain and suffering must also be determined.

The record does not disclose the language of plaintiff's counsel in his closing speech to the jury relative to his use of the item on the blackboard for pain and suffering; the only information before us is the transcript of the statement upon the blackboard. In that statement the item for pain and suffering follows items for hospital and medical expenses and loss of earnings, both the latter items being based upon specific facts and therefore subject to a definite monetary valuation.

While we should prefer to have had before us a transcript of the language of plaintiff's counsel with respect to his use of the blackboard figures for pain and suffering, we think that the present record is sufficient to permit this court to determine the propriety of permitting plaintiff to present to the jury a mathematical formula setting forth on a *per diem* or other fixed basis the amount designated as plaintiff's damage for pain and suffering.

It has long been the rule in this State and elsewhere that the determination of the amount of plaintiff's damage for pain and suffering shall be determined by the trier of facts based upon the evidence submitted. This is so because any specific yardstick based upon the evidence presented is entirely lacking and courts generally do not favor the determination of damages based upon speculation or fancy. It is only in comparatively recent years that the use of a mathematical formula has been permitted in any of our courts for consideration by the jury in ascertaining the amount of plaintiff's damage. In the present case the suggested compensation for pain and suffering is $2,500 for the first ten days and for the next six months $25

a day, or a total of $4,500. This formula follows items for hospital and medical expenses and for loss of earnings, both capable of a definite determination on a monetary basis. There is no testimony in this case—and none would have been received if offered—in support of these figures.

In our opinion the value of pain and suffering can not be ascertained by merely multiplying the number of days by a fixed rate per day. The degree thereof differs in individuals. In the same individual pain is not constant but varies from day to day. In the last analysis the reasonableness of the amount of the verdict must determine whether or not the verdict was proper. No award can be sustained unless it stands this test in the light of all the evidence. As we view this evidence, plaintiff was permitted by means of a blackboard demonstration of plaintiff's counsel to put in the record evidence which he would not otherwise have been permitted to introduce. It seems to us that if such evidence is to be permitted, it would be equally logical to permit expert witnesses to testify before the jury as to the reasonableness of the figures submitted for pain and suffering. No one would deny that to permit such a procedure would not only be fantastic but would be casting aside entirely the rules of procedure long followed in this country and England of permitting a jury to determine the amount to which a plaintiff would be entitled as damage for pain and suffering or other unliquidated damage based solely upon the evidence submitted.

We think that the use by counsel for plaintiff of a mathematical formula setting forth the claim of pain and suffering on a *per diem* basis was merely a speculation of counsel for plaintiff unsupported by the evidence and was for that reason improper. *Botta v. Brunner*, 26 *N. J.* 82, 138 *A.* 2d 713, 60 *A. L. R.* 2d 1331; *Herb v. Hallowell*, 304 *Pa.* 128, 154 *A.* 582, 85 *A. L. R.* 1004; *Vaughan v. Magee*, 3 *Cir.*, 218 *F.* 630; *Goodhart v. Pennsylvania R. Co.*, 177 *Pa.* 1, 35 *A.* 191. We are also clearly of the opinion that in many cases at least the purpose of such use is solely to introduce and keep before the jury figures out of all proportion to those which the jury would otherwise have

had in mind, with the view of securing from the jury a verdict much larger than that warranted by the evidence.

The judgment of the court below is reversed and a new trial awarded.