WILLIAM R. COLES and VERNA MAE COLES, Plaintiffs Below, Appellants, v. ROBERT SPENCE and NEW HOLLAND PLANNING MILL, INC., a corporation of the Commonwealth of Pennsylvania, Defendants Below, Appellees.

(*July* 9, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*William T. Lynan, 3d,* of Wilson & Lynan, Wilmington, for appellants.

*William Prickett, Jr.* and *Rodman Ward, Jr.,* of Prickett & Prickett, Wilmington, for appellees.

Supreme Court of the State of Delaware, No. 18, 1964.

TERRY, Chief Justice.

Plaintiff, William R. Coles, instituted suit in the court below to recover for damages sustained as the result of a motor vehicle accident occurring on May 6, 1961. Plaintiff's wife was joined as a party-plaintiff, seeking a derivative recovery for loss of services and consortium of her

husband. Since the issue of liability was resolved adversely to the defendants and no appeal has been taken from that determination, this question is not raised in this appeal.

The evidence presented at trial indicated that, at the time of the accident, plaintiff was 52 years of age and in apparently good health. At the time of the accident, plaintiff was employed by the National Dairy Products Corporation, Breyer's Division, having been so employed for 15 years. His primary duties required the installation and repair of dairy electrical equipment.

In 1960, plaintiff's salary was approximately $8,000.00. In the year of the accident, this figure decreased to $5,-909.00 but, in the subsequent year, his salary increased to $9,243.00. Plaintiff's salary is computed upon an hourly basis and, at the time of trial, his hourly salary had increased by nine cents an hour over the hourly wage paid plaintiff at the time of the accident.

Although plaintiff did not return to work until approximately four months subsequent to the accident, his assignments and duties remained unchanged, although plaintiff's wife testified that because of the alleged discomfort sustained by plaintiff from the accident, she was required to accompany him when he travelled away from home in the course of his employment. Plaintiff testified, and was corroborated by a fellow worker, that the injuries sustained in the accident prevented him from looking upward or bending down without some discomfort. As a result of this discomfort, plaintiff may request his fellow workers to perform a particular task which normally would have been performed by him.

Although there was no evidence of any time lost as the result of the accident during the remainder of 1961

and 1962, plaintiff testified that he was required to be away from work for twelve days during 1963 as the result of discomfort attendant upon the injuries sustained in the accident.

At the conclusion of trial testimony, plaintiff requested the court to instruct, as an element of damage which the jury might consider:

> "The future loss of income which Mr. Coles may reasonably be expected to suffer."

Plaintiff duly excepted to the refusal of the court to so charge, and assigns the failure to so instruct as error before this court.

Plaintiff initially contends that, as the result of the refusal of the court to give the requested instruction, this court is required to view the evidence before the trial court in a state most favorable to plaintiff. Such a contention misconceives the applicable principles of appellate review of a decision of the trial court. In the instant case, the decision as to whether or not the plaintiff had produced sufficient evidence to warrant the requested instruction is a matter within the sound discretion of the trial court and will be reversed here only upon the showing of abuse of discretion:

> "Where there is any evidence in the case to which a requested instruction applied is a question for the court, and, where allegations of the petition may be said to be supported inferentially by the evidence, the giving of an instruction thereon is discretionary with the court." 88 C.J.S. Trial § 383, at page 1017. See also 5 Am.Jur.2d,

Appeal and Error, Sec. 891 (At page 330).
Therefore the question presented is not whether the requested instruction could have been given but, rather,

whether or not the requested instruction was required to be given as a matter of law.

■ As noted above, the plaintiff's earnings in the year subsequent to the accident were greater than that earned immediately priort o the accident. It is well-settled, however, that the mere fact that wages do not decrease following an accident is not controlling upon the question as to whether or not there is evidence of a probable loss of future wages. See *Morris v. Cartwright,* 57 N.M. 328, 258 P.2d 719 (1953).

■ On the other hand, it is equally well recognized that a decrease in actual earnings subsequent to the accident is the normal method of proving loss of future wages. As stated by the Supreme Court of Vermont:

"Loss of earning capacity is a proper element of damages to the plaintiff. * * * Ordinarily, with an adult, this is to be shown by proof of what the party earned before the injury, and what he has been earning since." *Trombetta v. Champlain Valley Fruit Company,* 117 Vt. 491, 94 A.2d 797, 799 (1953).

We are of the opinion that the instant case is controlled by the decision of this court in *Henne v. Balick,* 1 Storey 369, 51 Del. 369, 146 A.2d 394 (1958). In Henne, we held that the lower court erred in instructing the jury that it might consider loss of future earnings as a proper element of damages. The plaintiff had presented substantial evidence showing permanent injuries to his back, disfigurement, impairment of the sense of smell, and severe headaches.

In holding that evidence of substantial permanent injuries was insufficient to show evidence of a loss of earning capacity in the plaintiff's chosen profession of an attorney, we stated:

"The law does not permit a recovery of damages which is merely speculative or conjectural. * * * There must be some reasonable basis upon which a jury may estimate with a fair degree of certainty the probable loss which plaintiff will sustain in order to enable it to make an intelligent determination of the extent of this loss. * * * The burden is upon the plaintiff to furnish such proof." (146 A.2d at page 396).

In the instant case, the trial court had before it the following fastors:

(1) The plaintiff had enjoyed an absolute increase in total and hourly earnings subsequent to the accident.

(2) The plaintiff's job assignment was unchanged, and there was no testimony from his employer or any other source indicating a possible change.

(3) There was no evidence that the plaintiff was working less hours or was unable to enjoy normal overtime privileges.

(4) There was no evidence that the plaintiff was denied a promotion or that individuals of comparable or less experience were being promoted more rapidly than plaintiff.

(5) Although evidence was introduced showing the normal retirement age for employees of the National Dairy Products Corporation, there was no evidence that plaintiff planned to retire prior to this normal retirement period.

(6) As noted above, plaintiff was an experienced worker and was of a relatively advanced age. No evidence was introduced tending to show that plaintiff contemplated seeking advancement to a different job assignment prior to the accident.

The only factors tending to support the re-

quired charge were the fact of the injuries themselves, the twelve days lost time in a period of approximately two years, and the difficulty encountered by plaintiff in performing his job assignments. As noted in Henne, the fact of substantial injuries, standing alone, is insufficient to warrant an instruction upon decreased earning capacity or loss of future wages. Considering the above enumerated factors, we are unable to state that the trial court erred in holding that there was insufficient evidence to warrant an instruction upon decreased earning capacity or loss of future wages.

The numerous decisions cited by plaintiff in support of his contention appear clearly distinguishable. Great reliance is placed by plaintiff upon the decision of the Pennsylvania Supreme Court in *Bochar v. J. B. Martin Motors, Inc.,* 374 Pa. 240, 97 A.2d 813 (1953). In Bochar, however, the court noted that the plaintiff was only 33 years of age and could expect normal job progression and promotion within his assigned and chosen profession. In addition, the court noted that the plaintiff, because of his injuries, was unable to qualify for overtime work. As stated above, neither of these two factors is present in the instant case.

*Chavez v. United States,* 192 F.Supp. 263 (D.Mont., 1961) is also clearly distinguishable. In Chavez, the plaintiff presented the testimony of her employer tending to show that, but for her injuries, she could have qualified for additional work and a consequent increase in income. Secondly, the court found that the former earnings received by plaintiff were predicated upon her relative inexperience in her position and, but for the accident, she could have expected normal progression and consequent increase in pay. Finally, the court noted that even when plaintiff was working, she often was required to desist

from her job thus losing payments from her individual clients. Despite this evidence, the district court stated:

"The proof of loss of earning capacity is far from satisfactory * * *." (At page 274).

Again, in the instant case, as noted above, none of the above factors are present.

Since plaintiff failed to produce any substantial evidence tending to show a reasonable probability of future loss of wages, any award by a jury for this item of damages would, of necessity, be purely speculative and conjectural. Accordingly, the decision of the court below denying plaintiff's motion for new trial predicated upon the refusal to give the requested instruction is affirmed.