Carmen **ALEARDI** and National Ammonia Company, Defendants Below, Appellants,

v.

Helen **TIBERI** and Mario Tiberi, Individually, and Mario Tiberi, as Guardian Ad Litem for Michael Tiberi, Joseph Tiberi, Mario Tiberi, Jr., Anthony Tiberi, Eugene Tiberi, Nicholas Tiberi, and David Tiberi, minors, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

July 23, 1970.

William Prickett and Wayne N. Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, for appellants.

Stanley C. Lowicki, of O'Donnell, Hughes & Lowicki, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a judgment of $18,000 entered on a jury's verdict for Helen Tiberi (appellee). Other parties plaintiffs (appellees) were the husband of Mrs. Tiberi and some of their children, but the defendants (appellants) have not appealed from the verdicts given in their behalf. The sole matter before us is the size of Mrs. Tiberi's verdict.

Mrs. Tiberi's injuries arose out of an automobile accident occurring on August 25, 1966. Since the appellants have admitted liability, the particular facts causing the accident are not important in this

appeal. It will suffice to say that the appellants' tractor trailer chemical tank truck drove Mrs. Tiberi's car off the road, causing it to strike a concrete culvert. She was thrown up against the steering wheel with such force as to bend it, and her head struck against the windshield, cracking it. The impact also dislodged the front seat from its tracks. At the time, Mrs. Tiberi was pregnant and, in fact, gave birth to a child two weeks after the accident.

The first point raised by the appellants is that certain remarks made by appellees' counsel in the course of his summation to the jury were prejudicial and noncurable error. The alleged prejudicial remarks relate to the award of damages for pain and suffering and were in the following language:

> "How do you measure pain and suffering in terms of monetary amounts? It is very difficult. It is not an easy thing to do. $25,000.00? $35,000.00 for her problems? No one knows what is considered reasonable. You have to make a judgment on that collectively."

Counsel before us in this appeal differ on whether or not counsel for the appellants made timely objection to the quoted language. But in the view we take of the matter, whether or not an objection was timely or made at all is immaterial.

Appellants rely upon Henne v. Balick, 1 Storey 369, 146 A.2d 394 (Del.1958) which, it is argued, requires us to hold that the quoted remarks constitute noncurable prejudicial error. In the *Henne* case, in plaintiff's counsel's summation to the jury, a blackboard demonstration was used relating to the award of damages for pain and suffering. Counsel suggested in the demonstration a specific sum *per diem* as damages for pain and suffering and estimated the duration at six months and ten days. The trial judge overruled the defendants' objection to the blackboard demonstration and, on appeal, we reversed.

We held that in the last analysis the value of pain and suffering cannot be ascertained by merely multiplying a number of days by a fixed rate per day. The degree of pain differs in individuals and may be constant or varying from day to day. Ultimately, the award of damages for pain and suffering is a matter for the judgment of the jury, and only when its judgment is shocking will it be disturbed.

We think the case before us now differs entirely from that of the *Henne* case, which we do not consider controlling in the case at bar. We regard the quoted remarks more in the nature of a casual slip or a rhetorical question rather than an attempt to submit to the jury a mathematical formula for the computation of damages for pain and suffering. Moreover, irrespective of whether or not the appellants' objection to the quoted remarks was timely made, the fact is that they did not ask that the jury be cautioned to disregard the remarks used by appellees' counsel.

The matter is not unlike the mention of insurance held by the defendants coming to light during the course of the trial. It, too, is a prejudicial matter against the defendants whenever a slip occurs or a deliberate mention of insurance is made. But this does not mean that it is incurable. We have held that a proper caution to the jury under some circumstances, at least, will cure whatever error has taken place and remove the prejudice. Chavin v. Cope, 243 A.2d 694 (Del.1968).

We find no reversible error in the action of the trial judge in denying a new trial on the grounds of prejudicial remarks in the summation of appellees' counsel.

The second point raised by the appellants is that the trial court committed error when it reversed a pretrial ruling concerning the admissibility of testimony by a doctor on an alleged aggravation of a gall bladder condition of Mrs. Tiberi's.

Four doctors testified, two called by the appellees and two called by the appellants. One of the doctors called by Mrs. Tiberi was her gynecologist who delivered her child two weeks after the accident. The second doctor called by Mrs. Tiberi was a general practitioner who treated Mrs. Tiberi following the accident.

Prior to the trial date through discovery, the appellants' counsel had formed the opinion that the general practitioner had denied any causal connection between the accident and any aggravation of Mrs. Tiberi's existing gall bladder condition. Counsel so stated at a pretrial conference and preliminarily, at least, the trial judge ruled that any evidence as to aggravation would be inadmissible. Appellees' counsel however said that they had information from the doctor, himself, that that was not his opinion. The trial judge, therefore, asked to be supplied with a letter or other statement from the doctor in question concerning it.

On the first day of trial, appellees' counsel produced such a statement in concise form from the doctor. Later in the trial the doctor was called and examined on *voir dire* examination during the course of which he testified that in his opinion the accident in fact aggravated the gall bladder condition. Thereupon, the trial judge struck his preliminary ruling and ordered that the testimony was admissible.

Appellants' counsel argue strenuously that the other three doctors categorically denied that there was any causal connection between the accident and the aggravation of the gall bladder condition and that, consequently, the general practitioner's testimony is unbelievable. We have examined the testimony duplicated in the appendices and are of the opinion that defense counsel's statement in this respect is perhaps somewhat exaggerated. For example, the gynecologist called by the appellees testified that he did not know, or he thought there was possibly no connection, but he also admitted that he had failed to note in the hospital records of Mrs. Tiberi at the time of her admission following the accident complaints of symptoms indicating a gall bladder condition. Furthermore, the two doctors of the appellants did not categorically deny all possibility of aggravation of the gall bladder condition by the accident.

In any event, the most that can be said for the appellants' position is that there might have been a possible conflict in the medical testimony. In that event, the issue was properly submitted to the jury and the jury apparently found in Mrs. Tiberi's favor. There was, therefore, no error in the admissibility of the doctor's testimony.

◼ The third point is that reversible error was committed in the court's instructions to the jury regarding pain and suffering. The reason given is that there was no medical testimony as to pain and suffering to support an award of damages for it. The fact remains, however, that Mrs. Tiberi, herself, described in detail her pain and suffering following the accident and during the period prior to the operation performed upon her for the removal of her gall bladder. There was no error in the instruction upon this subject.

◼ Finally, appellants argue that the verdict in favor of Mrs. Tiberi should be set aside as excessive as a matter of law. The verdict is in the amount of $18,000. In view of the apparent acceptance by the jury of the testimony of Mrs. Tiberi concerning her pain and suffering, and in view of the jury's apparent acceptance of the testimony of the doctor as to the aggravation of her gall bladder condition by the accident, and in view of the fairly substantial medical expenses paid by Mrs. Tiberi, we are of the opinion that we cannot say as a matter of law that the verdict is excessive.

The judgment below is affirmed.