**Evangeline STEPPI, Plaintiff Below, Appellant, Cross-Appellee,**

v.

**Howard B. STROMWASSER, a minor under the age of 21 years, by his Guardian Ad Litem, Louis Stromwasser, Defendant Below, Appellee, Cross-Appellant.**

Supreme Court of Delaware.

Oct. 16, 1972.

James P. D'Angelo, and William H. Bennethum, Wilmington, for plaintiff below, appellant.

Samuel R. Russell, of Wilson & Russell, Wilmington, for defendant below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The principal questions presented in this appeal are: (1) Is the burden upon the plaintiff or the defendant to prove the

"present value" of an award for future loss of income; and (2) Is determination of present value a matter for the trial Judge or for the jury?

Evangeline Steppi (Steppi), appellant/cross-appellee, is the plaintiff in this action against Howard B. Stromwasser (Stromwasser), appellee/cross-appellant, in the Superior Court. The jury awarded her a $50,000 judgment, of which $26,335 was attributable to the potential loss of earnings. The Court below reduced the $26,335 loss of income award to a present value of $9,225.15, and entered a final judgment for $32,890.15 in her favor. Both parties have appealed.

Steppi urges that the Court below usurped a jury function by refusing to allow the jury to establish the present value thereof, and itself discounting the award for future loss of income. She also contends that the Court applied an incorrect formula in determining that present value. Stromwasser contends that Steppi should have received no award for future loss of income because she failed to sustain her burden of proof by not producing any testimony to show the present value of her claim for future loss of income.

■ It is clear that an award for the loss of future earnings is compensable as special damages in the present case, and that the burden of proving those damages rests upon the plaintiff. Coles v. Spence, Del.Supr., 202 A.2d 569 (1964); Henne v. Balick, Del.Supr., 1 Storey 369, 146 A.2d 394 (1958). The parties disagree as to whether a plaintiff or a defendant has the burden of proving the present value of such an award. In Henne v. Balick, *supra*, this Court stated:

"There must be some reasonable basis upon which a jury may estimate with a fair degree of certainty the probable loss which plaintiff will sustain in order to enable it to make an intelligent determi-

nation of the extent of this loss." Id. at 396.

In the present case, the plaintiff below produced evidence of loss of future income; neither party made any effort to show its present value, each attorney being of the opinion that the burden of proving that element rested upon the other. The matter was first raised after both parties had rested and plaintiff's counsel had addressed the jury. At that time, Stromwasser's counsel requested that no instruction be given upon loss of future income, plaintiff having failed to show its present value. The Court allowed the jury to include the item in its verdict, but had them announce specifically the figure it had included therefor. After the jury had been discharged, the trial Judge himself reduced the loss of earnings figure to one which he computed from a table suggested by counsel for the defendant below. Am. Jur.2d Desk Book, Doc. No. 132.

■ Because of the capacity of money to earn money, the authorities are almost unanimous* in holding an award for loss of future earnings must represent the present value of those earnings. By the award, the plaintiff immediately receives money which he would otherwise have received periodically over the span of years. Failure to recognize this fact by discounting the anticipated earnings would therefore constitute error.

■ In a case like this, the burden is upon the plaintiff to prove the nature and extent of the loss caused by the defendant; that burden, to the extent that it concerns future earnings, is not satisfied by proof of the amount that she would have earned had she not been injured; that is not the true measure of her loss. Her proof is not complete without evidence of the present value of that loss. Although the authorities are not in agreement, it is our opinion that the burden of proof is logically upon

---

* An exception is Beaulieu v. Elliott, 434 P.2d 665 (Alaska 1967). We disagree with the ruling there made.

**28**

the plaintiff in this respect. *Cf.* Henne v. Balick, *supra*; 22 Am.Jur.2d § 298; 25A C.J.S. Damages § 185(6). We so hold.

■ We are also of the opinion that determination of present value is a matter for the jury, in the absence of any stipulation of counsel. Without such stipulation, there are a number of factors as to which the parties may be in disagreement. Such matters as the duration of lost earning capacity or of life expectancy, the probability of increased earnings, the extent of the incapacity, the proper rate of interest, or the proper actuarial tables to be applied often present problems which the litigants are entitled to have the jury pass upon. Some of those problems require presentation of expert testimony. It was error for the Court to deprive the jury of this function.

■ Finally, the contention is made that the Court used a wrong table, or if it was a correct table, misapplied it. It is clear to us that the percentage figure actually adopted by the Court in making the computation was in fact incorrect because the end result reached is an amount based upon the assumption that no part of the earnings award would be paid until the end of the period of plaintiff's probable earning expectancy. A proper computation must of course recognize that, had she not been injured, she would have received periodic payments during all that time. It may be possible to use this particular table in computing present value, but the manner in which it was here applied is an incorrect application of that table.

■ Defendant-below points to several cases in which courts have refused a new trial despite some error in computing damages. This is not such a case. We cannot say that the errors here were harmless, nor can we judge the adequacy of the award; likewise, we cannot hold that the errors were entirely the fault of appellant's counsel. The combination of errors—removal of the important issue of "present value" from jury determination, lack of expert testimony as to the discount figure, actual use of an improper discount percentage—renders the verdict unacceptable.

We accordingly reverse and remand the case for a new trial of the sole issue of damages.