IN THE SUPERIOR COURT OF THE STATE OF DELAWARE


AT&T CORP.,                          )
                                     )
            Plaintiff,               )          C.A. No. N14C-05-206 FSS
                                     )
      v.                             )
                                     )
CARRIER CORPORATION, and             )
NATIONAL H.V.A.C. SERVICE,           )
LTD., L.P.,                          )
                                     )
            Defendant                )


Submitted: December 28, 2015
Decided: January 19, 2016


*Upon Consideration of Defendant's Motion to Dismiss
Based on Superior Court Civil Rule 12(b)(6).*
**DENIED**.

*Upon Consideration of Defendant's Motion for Leave to File a Third Party
Complaint.*
**GRANTED.**

# OPINION


Nicholas D. Mozal, Ross Aronstam & Moritz LLP, Wilmington, DE, Attorney for
Plaintiff.

Armand J. Della Porta, Marshall Dennehey Warner Coleman & Goggin,
Wilmington, DE, Attorney for Defendant Carrier Corporation.

Michael J. Logullo, Rawle & Henderson LLP, Wilmington, DE, Attorney for Defendant National HVAC Service, Ltd., L.P.

**MEDINILLA, J.**

**[THE TEXT OF THE OPINION WILL BEGIN ON THE NEXT PAGE]**

## INTRODUCTION

Plaintiff asserts claims for breach of express warranty and negligence against Defendant National H.V.A.C. Service ("National HVAC"), and negligent manufacturing against Defendant Carrier Corporation ("Carrier") as a result of improper equipment installation by National HVAC that caused damage to Plaintiff's work equipment. National HVAC asks this Court to consider its Motion to Dismiss under Superior Court Civil Rule 12(b)(6) and alternatively seeks leave to file a third-party complaint. For the reasons set forth below, National HVAC's Motion to Dismiss under Superior Court Civil Rule 12(b)(6) is **DENIED** and its Motion for Leave to File a Third-Party Complaint is **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff owned and maintained commercial space located at 215 N. Orange Street, Wilmington, Delaware, in connection with its business. Plaintiff purchased two new HVAC systems that were manufactured by Carrier from National HVAC. Plaintiff's property manager, Johnson Controls, Inc. ("Johnson Controls") coordinated with National HVAC for the purchase and installation on behalf of Plaintiff. National HVAC installed the HVAC systems on June 16, 2012. Subsequent to the purchase and installation of the HVAC system, Plaintiff alleges that as a result of an improper installation by National HVAC, water damage was caused to Plaintiff's network equipment.

Plaintiff's filed a Complaint on May 23, 2014, and an Initial Trial Scheduling Order was entered on September 16, 2014.[1] Plaintiff provided a draft of its Amended Complaint to Defendants on March 30, 2015 but did not file its Motion for Leave to File Amended Complaint until June 4, 2015. The Motion for Leave to File Amended Complaint was granted on June 24, 2015 and Plaintiff filed its Amended Complaint on the same day. National HVAC's Motion to Dismiss under 12(b)(6) and its Motion for Leave to File Third-Party Complaint subsequently followed. On January 5, 2016, this Court heard Defendant's Motion to Continue Trial and Amend Trial Scheduling Order, whereby Defendants, and to some extent Plaintiff, agreed that a new trial date was likely going to be needed. With a looming March 2016 trial date, the request for a new trial date was made in the face of the perfect storm: the retirement of the trial judge, undecided pending dispositive motions, and the need for additional discovery. This Court granted Defendant's Motion to Continue Trial and Amend Trial Scheduling Order and the parties agreed that no oral arguments were needed on the current motions before the Court. Having considered all written submissions, the two pending motions are decided, accordingly.

---

[1] J. Silverman issued the prior scheduling order and ruled on prior motions in this case. Only the current motions were assigned to this trial judge upon the retirement of J. Silverman.

4

## STANDARD OF REVIEW

For purposes of a motion to dismiss under Delaware Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[2] Even vague allegations are considered well-pleaded if they give the opposing party notice of a claim; the Court must draw all reasonable inferences in favor of the non-moving party.[3] A complaint will not be dismissed for failure to state a claim unless it appears to a certainty that under no set of facts which could be proved to support the claim asserted would the plaintiff be entitled to relief.[4]

### *Superior Court Civil Rule 12(b)(6) for Failure to State a Claim*

National HVAC argues that the claim for Breach of Warranty should be dismissed as a matter of law because the contract was not signed until after the event in question. It claims that the contract was only signed due to misrepresentation on the part of Plaintiff, and, therefore, the contract is invalid and unenforceable. Citing to *Rodgers v. Erickson Air-Crane Company*, it asks this Court to hold that contracts which are procured by misrepresentation, which are never contemplated or discussed prior to the work being undertaken and

---

[2] *Barni v. Kutner*, 76 A.2d 801 (Del. 1950); Plant v. Catalytic Constr. Co., 287 A.2d 682 (Del. Super. Ct. 1972), *aff'd*, 297 A.2d 27 (Del.).

[3] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002)).

[4] *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952).

completed, and for which there is no new consideration, fail as a matter of law.[5] This Court is not persuaded that *Rodgers* applies to this case.

The *Rodgers* decision only dismissed certain claims, in part, on a motion for summary judgment. As Plaintiff points out, the claims that were dismissed did not allege fraud or misrepresentation. Those claims survived. As such, that Court found that a genuine issue of material fact existed as to whether a party was fraudulently induced to sign the agreement and denied the motion for summary judgment.[6] Although this motion was not converted to one for summary judgment, and this Court does not consider extrinsic evidence in its ruling, where allegations of misrepresentation are alleged in this case, dismissal is inappropriate.

This Court is guided by *Appriva Shareholder Litigation Co. v. EV3, Inc.,* wherein the Supreme Court held that a trial court may not, on a Rule 12(b)(6) motion to dismiss, "choose between two differing reasonable interpretations of ambiguous provisions."[7] Here, there are differing, factually reasonable, interpretations of this agreement that remain to be decided. Whether National HVAC breached the terms of the agreement and whether Plaintiff procured this contract through misrepresentation are also still in dispute.

---

[5] *Rodgers v. Erickson Air-Crane Co. L.L.C.*, 2000 WL 1211157 (Del. Super. Aug. 17, 2000).
[6] *Id.*
[7] *Appriva Shareholder Litigation Co. v. EV3, Inc.*, 937 A.2d 1275, 1291 (Del. 2007).

While National HVAC claims that the contract did not exist when the incident occurred, Delaware law holds that parties are able to ratify their agreement even after performance of the contract.[8] Whether the contract was effective before the contract was dated is not to be decided as a matter of law under Rule 12(b)(6). Therefore, it is inappropriate for this Court to dispose of this case at this time.[9]

As to the breach of warranty claim, National HVAC argues that the warranty claim is barred by 6 *Del. C.* §2704 where the clear language of the statute makes the indemnity impermissible as statutorily unenforceable and void because it arises out of the maintenance, repair, and/or replacement of appurtenances to a building. Carrier contends that the statute does not make all such indemnity clauses unenforceable, but rather, only those which purport to indemnify the indemnitee against the indemnitee's own negligence.[10] Carrier and Plaintiff argue that Plaintiff is entitled to indemnity because the incident was caused by the negligence of National HVAC. Assuming the allegations of negligence against National HVAC are taken as true, then the indemnity claim also survives Defendant's Motion to Dismiss under Rule 12(b)(6).

---

[8] *Rodgers*, 2000 WL 1211157, at *5; *Sweetman v. Strescon Indus., Inc.*, 389 A.2d 1319, 1322 (Del. Super. Ct. 1978) ("When a party executes a contract which is effective on a prior date the party establishes its contractual obligations as of the prior date.").

[9] *See Green Plains Renewable Energy, Inc. v. Ethanol Holding Co., LLC*, 2015 WL 590493, at *6 (Del. Super. Ct. Feb. 9, 2015)("Contract interpretation issues involving factual disputes, are more appropriately resolved through summary judgment, or at trial.")

[10] *Volair Contractors, Inc. v. AmQuip Corp.*, 829 A.2d 130, 134 (Del. 2003) ("But the public policy statute is not implicated because the indemnification is not implicated because the indemnification is not for [the party's own] negligence."); *Patton v. 24/7 Cable Co., LLC*, 2013 WL 1092147, at *3 (Del. Super. Ct. Jan. 30, 2013) (when provision "purports to insulate a party from his own liability by requiring indemnification from another party, such language is prohibited by 6 *Del. C.* §2704(a)").

*Leave to File Third-Party Complaint*

Plaintiff's property manager, Johnson Controls, coordinated with National HVAC for the purchase and installation on behalf of Plaintiff. National HVAC seeks leave to add Johnson Controls as a third party defendant for their role in this case as the manager of the building. Plaintiff argues that the request is untimely and that National HVAC should have added Johnson Controls earlier. Based on the procedural history of this case, this Court suggests it is not necessary to determine what party, if any, gets credited for the delays. Instead, the considerations are whether there is prejudice to the plaintiff, the complication of issues in the trial, the timeliness of the motion to implead, the merit of substance of the third party complaint, and additional expenses to the parties.[11] Although Plaintiff argues that there is little value added by bringing in Johnson Controls as a third party, even less harm is done to Plaintiff by granting Defendant's request. Where the damages sought have been amended from a little over $300,000 to over $1 million, and Johnson Controls' role became more critical following discovery, this Court finds that it is appropriate to grant National HVAC's Motion for Leave to File a Third Party Complaint.

Finally, National HVAC argues that Count II should be dismissed because Plaintiff has failed to procure an expert on the issues of negligence and causation.

---

[11] *See Burris Foods, Inc. v. Deloitte & Touche*, 1991 WL 215896, at *4 (Del. Super. Ct. Sept. 26, 1991).

Both Carrier and Plaintiff dispute whether an expert is necessary. Because this Court has granted Defendant's Motion to Continue Trial and Amend Trial Scheduling Order, as well as Defendant's Motion to File a Third Party Complaint, this Court will not address dismissal as to Count II at this juncture. Further, since Plaintiff requested, during oral arguments, that it would seek leave to obtain experts if Defendant's Motion to File a Third Party Complaint was granted, Plaintiff is strongly cautioned that it retain expert(s) if it plans to admit evidence that addresses issues not within the common knowledge of laymen.

For the reasons stated above, National HVAC's Motion to Dismiss under Superior Court Civil Court Rule 12(b)(6) is **DENIED** and its Motion for Leave to File a Third Party Complaint is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

cc: Prothonotary