# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTY COCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N17C-09-280 CLS |
| TROLLEY SQUARE | ) | |
| HOSPITALITY, LLC d/b/a | ) | |
| TROLLEY SQUARE OYSTER | ) | |
| HOUSE, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: June 4, 2020
Date Decided: October 26, 2020

*Upon Defendant Trolley Square Hospitality, LLC d/b/a Trolley Square Oyster House's Motion in Limine to Exclude Evidence of Plaintiff Christy Coco's Loss of Past and Future Earnings*
**DENIED.**

## ORDER

Bayard J. Snyder, Esquire, Snyder & Associates, P.A., Wilmington, Delaware, Attorney for Plaintiff.

Colin M. Shalk, Esquire, Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware, Attorney for Defendant.

**SCOTT, J.**

1

Before the Court is Defendant's Motion in Limine to Exclude Evidence of Plaintiff's Loss of Past and Future Earnings. For the following reasons, Defendant's Motion is DENIED.

## Background

Plaintiff Christy Coco ("Ms. Coco") filed this negligence suit against Defendant Trolley Square Hospitality, LLC, d/b/a as Trolley Square Oyster House ("Trolley Square"), for injuries Ms. Coco alleges she incurred when she slipped and fell while inside Trolley Square's premises.[1]

In her Complaint, Ms. Coco seeks to recover damages for lost income, among other items, because Ms. Coco "continues to be unable to work as productively as a hair stylist."[2] Trolley Square, through the instant Motion in Limine, requests that the Court bar Ms. Coco from presenting any past or future lost earnings claims to the jury because Ms. Coco's "claim will not be supported by expert proof or testimony and submission of such earnings to the jury would result in impermissible speculation."[3]

---

[1] Compl. at ¶ 6.
[2] *Id.* at ¶ 12 (emphasis added).
[3] Def.'s Mot. in Limine at p. 1.

2

## Parties' Assertions

*A. Trolley Square's Motion in Limine[4]*

Trolley Square asserts that Ms. Coco has failed to secure the appropriate expert witness testimony,[5] and, as a result, this Court should bar her claim for loss of past and future earnings. Specifically, Trolley Square alleges that Ms. Coco is required "to establish through appropriate expert testimony that her limitations disable her from *all* employment, if that is the case. If that is not the case, [Ms. Coco] must establish what she can do and prove a loss of earning capacity, if any[,]" because "[t]o assume a complete loss, partial loss, or even greater income upon a change of employment would require the jury to speculate."[6] Trolley Square believes that Ms. Coco is required to use a vocational expert to represent alternative forms of employment if she is only unable to be employed as a hair stylist and then an economic expert to project the economic loss and reduce it to present value.[7]

---

[4] D.I. 27.

[5] Trolley Square claims that Ms. Coco was required to present both a vocational expert and economic expert to assert her claim.

[6] Trolley Square's Mot. In Limine at ¶ 9. Notably, Trolley Square does not cite to any authority that supports this contention.

[7] *Id.* at ¶ 7.

*B. Ms. Coco's Response*[8]

In response, Ms. Coco argues that she will be able to prove her loss of past and future wages through her tax returns and the expert testimony of her main treating physician, Dr. Joseph J. Mesa. Ms. Coco argues that she is not required to present an economic expert witness because of 10 *Del. C.* § 4335.[9]

Ms. Coco contends that her burden of proof to present her claim of loss of past and future earnings is merely to produce evidence showing "some reasonable basis" upon which a jury can conclude that Ms. Coco will sustain a future loss. Ms. Coco argues that Trolley Square can present evidence rebutting her claim that she cannot work, but that she is not required to present evidence that she cannot work any job.

## Discussion

Although the main issue in Trolley Square's Motion in Limine concerns Ms. Coco's future loss of earnings, Trolley Square's Motion in Limine attempts to bar Ms. Coco's claims for both past and future loss of earnings.

### A. Past Wages

"[W]hen a plaintiff presents uncontroverted medical expert opinion regarding causation of injuries, a jury is required to award past lost wages and past medical

---

[8] D.I. 28.
[9] 10 *Del. C.* § 4335.

4

expenses."[10] The jury can estimate, with a fair degree of certainty, the loss Ms. Coco has already sustained with regards to past loss of earnings through her w-2 and tax returns.[11]

### B. Future Wages

#### a. Legal Standard

*Henne v. Balick*[12] is one of the earliest cases in Delaware regarding future loss earnings. The Delaware Supreme Court found that, to claim for loss of future earning capacity, the burden is on the plaintiff to furnish evidence upon which a jury may "estimate with a fair degree of certainty the probable loss which plaintiff will sustain in order to enable it to make an intelligent determination of the extent of this loss."[13]

#### b. Application

Trolley Square alleges that, in essence, Ms. Coco has a duty to mitigate her damages and present alternative forms of employment. Delaware law does not impose such a requirement.

In the area of Workers' Compensation, it is statutorily required that an injured worker receiving workers' compensation must accept employment within his

---

10 *Patterson v. Coffin*, 2004 WL 1656514 (Del. 2004), quoting *Christina Sch. Dist. v. Reuling*, 577 A.2d 752, 1990 WL 72598 (Del. 1990).

11 *See Henne v. Balick*, 146 A.2d at 396 (Del. 1958); *see also State Farm Mut. Auto. Ins. Co. v. Girgis*, 2010 WL 1077846 (Del. Super. 2010).

12 146 A.2d 394 (Del. 1958).

13 *Henne v. Balick*, 146 A.2d 394, 396 (Del. 1958).

physical capability and thus mitigate his or her damages.[14] Within the realm of contract law, "[a] party has a general duty to mitigate damages if it is feasible to do so."[15] In the area of personal injury, the duty to mitigate damages often emerges when a plaintiff does not seek medical help after becoming injured.[16] In a case that involved a loss of future earning capacity, this Court previously found, upon consideration of a motion for new trial and/or additur, that "the jury could have concluded that the plaintiff failed to mitigate her damages when she terminated the exercise regime prescribed by her physician."[17] This is distinguishable from the case before the Court now. Neither party has presented evidence that Ms. Coco has terminated any medical treatment plan or exercise regime by her physician.

---

[14] *Counts v. Acco Babcock, Inc.*, 1988 WL 81394, at *2 (Del. 1988) ("The statutory requirement that an injured worker receiving workmen's compensation accept employment within his physical capability is simply a corollary of the rule that an injured party is required to mitigate his damages.").

[15] *NorKei Ventures, LLC v. Butler-Gordon, Inc.*, 2008 WL 4152775 (Del. Super. 2008) (citing *Highline Fin. Servs., Inc. v. Rooney*, 1996 WL 663100 (Del. Super. 1996)).

[16] *Meding v. Robinson*, 157 A.2d 24 (Del. Super. 1959) ("A tort feasor causing personal injury to another is not normally responsible for those consequences of his wrongful act which could have been avoided had the injured person used reasonable care in seeking to cure or alleviate his injuries."); *see also* 62 A.L.R. 3d 9 ("Duty of injured person to submit to surgery to minimize tort damages"); *see also* 62 A.L.R. 3d 70 ("Duty of injured person to submit to nonsurgical medical treatment to minimize tort damages.").

[17] *Klint v. Brennan*, 2004 WL 1427009 (Del. Super. 2004).

6

Here, for Ms. Coco to show a future loss of earning capacity, her only burden is that she must provide "some reasonable basis upon which a jury may estimate with a fair degree of certainty the probable loss" that Ms. Coco will suffer. Despite Trolley Square's claim, there is no requirement to present evidence through expert testimony of damage mitigation through alternative forms of employment.

With regards to any required expert testimony, in *Jardel Co., Inc. v. Hughes*, the Delaware Supreme Court stated only that, in a claim for lost future earnings, "there must be evidence presented by persons qualified to give an informed opinion, that the claimed injuries will interfere with the ability of the plaintiff to pursue a specific occupation or profession."[18] Ms. Coco has done this by presenting an expert report that states her injuries prevent her from working productively as a hairdresser and/or stylist.[19]

Furthermore, 10 *Del. C.* § 4335 explicitly states that "[n]o party shall be required to present an economic expert witness opinion to a jury or court for the purpose of having the present value of the economic amount of a party's claim for either future lost wages and/or future medical expenses introduced into evidence."[20]

As such, Trolley Square's assertion that Ms. Coco is required to present evidence of alternative employment (through vocational and economic expert

---

[18] *Jardel*, 523 A.2d 518, 532 (Del. 1987).
[19] Ms. Coco's Resp. To Trolley Square's Mot. In Limine, Ex. C.
[20] 10 *Del. C.* § 4335.

testimony), and thereby mitigate her damages, is without merit. Trolley Square may offer evidence that rebuts Ms. Coco's assertion that she cannot work in the future.

## Conclusion

For the forgoing reasons, Trolley Square's Motion in Limine to Exclude Evidence of Ms. Coco's Loss of Past and Future Earnings is **DENIED**.

**IT IS SO ORDERED.**

 

The Honorable Calvin L. Scott, Jr.